## Thomas B. Spencer v. Ebenezer W. Perry.

*Bond to pay debts: Official bonds; Penalty: Voluntary payment.* The obligor of a bond, conditioned to pay all the debts of a certain firm, paid, before suit, the debts of said firm to the amount of the penal sum.

In a suit upon said bond to recover for the debt in excess of said penalty; *held,*

1. That the rights and obligations of the parties depended wholly upon the bond.

2. That if a party choose voluntarily to perform his obligations to its full legal extent, it is equally as meritorious and effectual as though made through a suit at law.

Such a bond is a private contract, the chief object of which, in including a penalty, was to fix the limit of the liability. The legal effect as to the extent of liability, is that of a covenant, without a penalty, to pay the debts of said firm to the amount of said penalty.

The obligations imposed by official bonds to pay over monies, &c., are not created by the bond, but imposed by law, while the bond is but a collateral security for the performance of a legal obligation.

*Heard May 6. Decided May 12.*

Case Made after judgment, from Saginaw Circuit.

SPENCER *v.* PERRY.

This was an action of debt upon a bond, with penalty of $6,000, conditioned to pay all the debts of a certain firm.

Judgment was rendered for plaintiff.

The facts are stated in the opinion.

*Gage & James,* for plaintiff.

This action is upon a bond in the penal sum of six thousand dollars, given by defendant to plaintiff, without sureties.

The condition of the bond recites that the defendant has purchased of plaintiff his right, title and interest in the business of Spencer & Newcombe, and in property described therein.

That part consideration was the payment by defendant of all debts, liabilities and claims of the firm of Spencer & Newcombe, and the condition of the bond is, that the defendant pay, or cause to be paid such debts and liabilities, whether notes, mortgages, contracts, book accounts or otherwise, as and when the same become due and payable, and also save and keep harmless said Spencer therefrom.

The plaintiff maintains his action by showing a debt of said firm unpaid by defendant, and paid by plaintiff.

The defendant sought to avoid the bond by claiming that plaintiff had misrepresented the amount of the debts of Spencer & Newcombe, and that they were much larger in amount than represented, and sought to recoup in damages by reason of such misrepresentation.

The defendant's counsel claimed upon the trial, that if the amount of the debts was misrepresented, the bond could be avoided, and that if defendant had paid debts to the amount of the penalty of the bond, he was thereby discharged from liability.

1. The question raised by the pleadings in this case, viz., that the defendant was entitled to recoup in damages the amount alleged to have been sustained by him by rea-

son of the fraudulent misrepresentations of plaintiff of the amount of debts and liabilities of Spencer & Newcombe, was a question of fact decided adversely to the defendant by the court below.

2. Misrepresentations as to the liabilities of the firm of Spencer & Newcombe by Spencer, at time of sale, cannot be offered in evidence for the purpose of limiting or qualifying the condition of the bond.—*Dorr v. Munnell, 13 Johns. 430; Stevens v. Judson, 4 Wend. 471; Dale v. Roosevelt, 9 Cow. 309; Huston v. Williams, 3 Blackf. 170; Vrooman v. Phelps, 2 Johns. 177.*

3. The bond in this case cannot be construed as a bond to pay debts and liabilities of the firm of Spencer & Newcombe, to the amount of six thousand dollars only.

4. A bond of this character, viz., to pay money, to wit: the debts of Spencer & Newcombe, and also, to indemnify Spencer against loss, cost, and charges, by reason of the same, can only be satisfied by a full performance of the condition. A voluntary performance of part of the condition will not satisfy the bond.—*2 T. R. 388, (Dunford & East;) 1 Mass. 308; 6 Paige, Chan'y, 88; 3 Caines, 48; Henniker v. Wigg, 45 English Com. Law, 4 Q. B. A. & E. new series; Hancock v. Clay, 3 English Com. Law, 334; 2 Starkie, 68; Potter v. Titcombe, 7 Greenl. 302; Lowe v. Reers, 4 Burr. 2225.*

*John J. White,* for defendant.

In this case there is but one point for the consideration of this court.

The defendant offered evidence tending to prove that he had voluntarily paid debts spoken of in the bond sued on in this cause, to the amount of the penalty, and claimed as a defense that if such was the fact, the plaintiff could not recover against him; that is, that in no event could the defendant be called upon to pay under the bond in

question more than the amount of the penalty. This evidence was excluded by the court. The judge ruled that, no matter if he had paid such debts, unless he had paid all the debts spoken of in the condition of the bond, whether $5,000 or $50,000, the plaintiff could recover the amounts of all such debts paid by the plaintiff.

If the defendant had from the first refused to pay any of the debts, and had paid none, and the plaintiff, the day after giving the bond, had been obliged to commence the payment, and had then commenced suit, he would, under our statutes — *Comp. L. pp. 1221 & 1222 § 4509–4517* — have taken judgment in form for the penalty. For all subsequent breaches, he must have proceeded under the same statute; could have had no further judgment; and the sum of all recoveries against defendant could not have exceeded the penalty of the bond. — *Fraser v. Little, 13 Mich. 195; Lyon v. Clark, 8 N. Y. 154, and cases cited.*

But, the court say, voluntary payments are very different. Although the contract is the same; although the amount of the penalty is the same; although you have in good faith paid twice or thrice the amount of the penalty without suit, yet you have not in a single particular performed any part of the condition of your bond, and we will compel you to pay the full amount of the penalty, if there are so many debts left to be paid.

If this is law, parties giving bonds will be pretty sure to refuse to perform such contracts, and thus by judgment of court in the first instance, ascertain and fix a limit to the extent of their liability, because after a suit on the bond for the penalty, there can be no other suit.

The court should have considered such evidence, and given judgment for defendant, if defendant had paid debts to the amount of the penalty.

The case of sheriff's bond has no similarity — because all persons can sue on it — but no one can recover more

than the penalty. The statute gives parties other remedies, and not any rule of the common law.

Voluntary payments to amount of the penalty in an indemnity bond, is a full and complete satisfaction of it.—*Clark v. Bush, 3 Cow. 151; Approved 8 N. Y. 4 Seld. 154,* and in *18 N. Y.* and in *13 Mich.*

The parties must be supposed to have known the amount of indemnity wanted and given, and ▯have fixed the limit, by amount of penalty.

CHRISTIANCY J.

This was an action of debt upon a bond, with a penalty of six thousand dollars, conditioned for the payment, by defendant, of all the debts of the late firm of Spencer & Newcombe, and to indemnify the plaintiff, one of said firm, against such debts. The declaration was in the usual form, demanding the penalty of the bond. The plaintiff's right of action, and the defendant's obligation to pay, rested wholly upon the bond.

After the execution of the bond, and before the bringing of the action, the defendant had paid debts of the firm to an amount exceeding the six thousand dollars—the penalty in the bond.

It is admitted that if the defendant had paid nothing upon the debts of the firm, and suit had been brought upon the bond, the amount of recovery would have been limited to the amount of the penalty. See *Comp. Laws,* §§ *4509–4517.*

But it is insisted that a voluntary payment, without suit, of any amount of the debts mentioned in the condition, though exceeding the penalty, is no satisfaction of the bond. If this be so, it will certainly be for the interest of all obligors in such bonds, to pay nothing until compelled by suit. But we see no intelligible ground for any distinction in such cases between a voluntary and a compulsory payment.

If a party choose voluntarily to perform his obligation to the full extent that the law could enforce it, we are at a loss to perceive, why the payment should not be recognized as equally meritorious and effectual, as if made at the end of a law suit. See *Clark v. Bush, 3 Cow. 151; Lyon v. Clark, 8 N. Y. 154*, and cases there cited. The law is not so tenacious of its prerogatives as to prevent parties from performing their obligations of their own accord, without the compulsion of legal process.

We need express no opinion here upon official bonds, or those of executors, administrators, guardians, &c., which are regulated by special provisions of statute. But it is easy to see that these all stand upon grounds very different from the bond in this case, or ordinary bonds *inter partes*. The obligation of officers, executors, &c., to pay over and account for money coming into their hands by virtue of their office, is not created by the bond, but imposed by the law, and the bond is but a collateral security for the performance of a legal obligation not dependent upon the bond. In paying over and accounting for moneys, therefore, as required by law, the officer, executor, &c., is only performing a duty imposed upon him by the law, independent of the bond. No amount of payments, therefore, will prevent a recovery to the full extent of the penalty in case of a default to that amount. In other words the bond applies only to the sum or sums for which the party is in default, and not to sums which may have been paid over in the performance of official or legal obligation, not created by the bond.

The present bond was a contract between private parties, and one chief object of putting it in the form of a bond with a penalty, must, according to the general understanding in such cases, be supposed to have been to fix the limit beyond which the liability of the defendant should not extend. Another object may have been to enable the obligee to enforce it, by action of debt, instead of covenant.

The legal effect of the bond, as to the extent of liability, does not differ from that of a covenant, without a penalty, to pay the debts of the firm to an amount not exceeding six thousand dollars. If the parties had intended to provide for a liability to an indefinite extent, to be limited only by the amount of the debts of the firm, whatever they might be; the obvious mode of creating such a liability was by a covenant to that effect without a penalty, or by making the penalty of the bond so large as, in any event, to exceed the debts, as the parties probably supposed they had done here.

We express no opinion whether bonds conditioned for the performance of continuous acts or duties, such as for the support of another for life, or a certain number of years, or bonds for the performance of other acts than the payment of money, or indemnity against its payment, would fall within the rule here laid down. These and perhaps other particular species of bonds may be found to stand upon a different principle.

The judgment of the Circuit Court must be reversed, with costs, and a new trial awarded.

The other Justices concurred.