PERRY *vs.* SPENCER.

The supposed bill of exceptions neither shows the requests supposed to have been made or the charge which the Court gave, or sets forth any exceptions, or states that either party prayed instructions. Nor does it suggest that any other was made a part of it. It is true that there are two papers in the return, which seem to have been made as requests on each side, and the word "refused" is written against those for the plaintiff, and the word "given" on one for the defendant. But those papers and marks have no other authorization than such as they derive from the circumstance that they are bound up in the returns to the writ. If a paper supposed to constitute a part of the bill of exceptions is not incorporated in the body of the bill as signed by the Judge, it must appear by means of identification contained in the bill that it was made a part of it by the Judge who settled the bill of exceptions. The papers in question cannot be considered as forming part of the bill of exceptions.

*Held*, That under the act of 1869, to regulate the practice in charging juries, the requests complied with or refused do not constitute an integral part of the record to be returned on writ of error independently of any bill of exceptions. The statute does not change the form or office of a bill of exceptions or the mode of reviewing instructions. Its purpose is to keep separate the functions of Judge and jury, to induce a reasonable measure of distinctness in charging, to perpetuate in permanent form the rulings of the Judge and to render more easy and certain the settlement of bills of exceptions.

*Held*, That under the circumstances of the case, it not being clear that any good would be done, the Court will not allow the record to be withdrawn, for the purpose of amendment, and the judgment is affirmed with costs.

---

PERRY *vs.* SPENCER.

[This case involves the question of the application of certain payments, and the following is as brief a statement as can well be made, and hence the omission of the usual head-note.—REP.]

Error to Saginaw Circuit.

*Opinion by* GRAVES, J.—In this case the Court previously held that voluntary payments to the amount of the penalty of the bond would discharge it. The case now comes up from a second trial on an objection to the finding of the Court. Spencer, and George K. Newcomb were owners in common of a planing mill, and carried it on under the name of Spencer & Newcomb. Spencer sold out his interest to Perry, who gave his bond to Spencer in the sum of $6,000, by the conditions of which he was to pay or cause to be paid the debts, liabilities and claims against the former firm of Spencer & Newcomb, and indemnify Spencer against them. Perry & Newcomb continued the business for a short time, when Perry bought out Newcomb on the same terms on which he had bought out Spencer. Perry at different times paid a large amount of the debts of Spencer and Newcomb, and a considerable portion of the amount was paid during the continuance of the firm of Perry & Newcomb, some of which was in cash, but the principal part was in notes of Perry & Newcomb. Before the notes matured, the sale from Newcomb to Perry took place, and by the arrangement between them, Perry assumed the payment of these notes and subsequently paid them. The debts of Spencer & Newcomb, paid by Perry in cash up to the time when he purchased Newcomb's interest, were charged by him to the firm of Perry & Newcomb. The right to recover was made to turn, in the court below, upon the effect to be given to the payments by Perry which were charged in the books to Perry & Newcomb. If the whole sum of these payments was reckoned against the bond, then it was admitted that the bond was satisfied. But defendant in error contended that, as the sums so paid were charged in the firm books of Perry & Newcomb, they were in effect payments by that firm, and that, as against his bond, Perry could only claim the half of such payments and the Circuit Judge so ruled.

*Held*, That this was error.

Perry's agreement was to take up or cause to be taken up the debts of the old firm to the amount of $6,000, and it was not material to Spencer from what source he obtained the

means so to do. The arrangements between Perry and New-comb were matters for their consideration.

Judgment reversed and a new trial_ordered.

———————➤◆➤◆——————

## McGRAW vs. SCHWAB.

A writ of *certiorari* brings up for review questions of law only.

Error to Wayne Circuit.

*Opinion by* CHRISTIANCY, J.—Defendants in error brought suit in a Justice's Court against plaintiff in error for certain liquors alleged to have been sold to him at Chicago. Defendant below pleaded the general issue and gave notice that he would prove that the liquors were sold in Michigan and that the sale was void under the statute. The jury found a verdict for the defendant, and the cause was removed to the Wayne Circuit by writ of *certiorari.*

The only question complained of in the affidavit for the writ is that " the judgment is erroneous, for the reason that the testimony given on the trial demanded that a verdict for damages should have been given in favor of the plaintiffs and against the defendants."—There was no question of law raised; questions of fact were only presented upon the weight of the evidence, which had already been passed upon by the jury,and upon the writ of *certiorari* only questions of law could be tried.

The Circuit Court had therefore no jurisdiction to review the cause either upon the facts or the law, and, therefore, no power to alter the judgment, and the judgment should have been affirmed or the case dismissed with costs. But in fact the judgment was reversed and a judgment rendered for the plaintiffs. for the amount which, in the opinion of the Court, they ought to have recovered, and this in direct opposition to the finding of the jury.

This was clearly erroneous. The judgment of the Circuit Court must be reversed, that of the Justice must be affirmed, and the plaintiff in error must recover his costs in both courts.