| 42 | 521 |
| 86 | 584 |
| 42 | 521 |
| 124 | 110 |

THE GRAND LODGE OF THE INDEPENDENT ORDER OF ODD FELLOWS OF THE STATE OF MICHIGAN v. ROBERT H. MORRISON, DANIEL H. HAWLEY, LEWIS J. TWITCHELL, WILLIAM G. CUMMINS, EDWIN M. ELLIOTT, OTIS A. ELLIOTT AND H. R. OSBORN.

*Referee's finding—Special questions—Judgment on bond in excess of the penalty stated therein.*

A referee is not required to supplement his general finding by special answers to specific questions dictated by counsel.

42 MICH.—66.

A finding in an action on a bond that defendants are liable for a' sum greater than the penalty of the bond, is not invalid because of the excess, but will support a judgment in debt for the penalty, and for a like sum as damages found by the referee.

Error to Ingham. Submitted Jan. 14. Decided Jan. 20.

ASSUMPSIT. Plaintiffs bring error.

*M. V. & R. A. Montgomery* for plaintiffs in error.

*S. L. Kilbourne* for defendants in error.

GRAVES, J. The plaintiffs, a corporation under the laws of the State, organized for benevolent purposes, chose the defendant Morrison for their treasurer, and in order to secure his proper accountability for such funds and property as he might at any time hold as such treasurer, the lodge took a bond executed by himself as principal and the other defendants as sureties in the penal sum of $10,000.

Believing him to be delinquent in his trust, the lodge elected another in his place, and brought this action on the bond. The court pursuant to stipulation, referred the case to a gentleman of high character and much experience, and after a patient and extended examination he reported on the 13th of February, 1879, that Morrison was then a defaulter for $10,269.20, and he concluded as matter of law that the plaintiffs ought to recover that amount with interest from the date of the report.

The defendants filed ten exceptions, and the circuit court sustained them and entered judgment for the defendants. The plaintiffs brought error. All the exceptions are now abandoned except the last two, and they are only faintly insisted on.

They have no merit. The first complains that the referee did not specially find in answer to five specific requests made therefor by defendants' counsel.

In the first place, the requests call for nothing beyond the findings made, of any apparent materiality; and in

the next place, there is no regulation which requires a referee to supplement his general finding by special replies to specific requests dictated by counsel.

The remaining exception not waived is to the referee's conclusion of law that the plaintiffs recover the amount reported, and the position is that the whole finding is bad because the sum ascertained exceeds the penalty in the bond. It is difficult to regard this objection as seriously intended. The greater includes the less, and it will hardly be claimed that because the debt exceeds the security the creditor must not only bear the loss of the excess but of the other also. The finding shows that the plaintiffs are entitled to damages up to the amount of the bond, and there is no reason why they should not recover them.

The judgment of the circuit court must be reversed, and judgment in debt for the plaintiffs must be entered here for the penal sum mentioned in the bond, and also for the like sum as damages found by the referee, and the plaintiffs will recover their costs of both courts.

The other Justices concurred.