86  581
f124  110

# The White Sewing Machine Company v. Milo H. Dakin, Aaron T. Bliss, and Anthony Byrne.

*Written instrument—Materiality of alteration—Agency—Bond.*

1. A material alteration, made by the agent of one of the contracting parties without express or implied authority, will not avoid the contract; citing 1 Amer. & Eng. Cyc. Law, 505.
2. The insertion in the formal part of a bond, the penalty and conditions of which are fixed by its terms, of a promise to pay ten per cent. attorney's fees in case of suit on the bond, is an immaterial alteration, such promise being no part of the penalty, nor affecting the judgment to be rendered in case of suit, nor the amount of damages to be assessed.

Error to Saginaw. (Edget, J.) Argued June 12, 1891. Decided July 28, 1891.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Hanchett, Stark & Hanchett,* for appellants, contended:

1. The clause, as it read before the alteration, could only mean that in case of suit the penalty would be increased ten per cent., or to $1,100, and a jury in arriving at the amount of a verdict would compute interest on the $1,100. In other words, the penalty is variable, namely, $1,000 if the claim is settled amicably, and $1,100 if suit is brought. By the alteration the extra ten per cent. is made a fixed sum, not a part of the penalty, and not drawing interest, and is a material alteration, and, if made without the consent of the defendants after the execution of the bond, discharges them from liability; citing *People v. Brown,* 2 Doug. 9; *Wait v. Pomeroy,* 20 Mich. 425; *Holmes v. Trumper,* 22 Id. 427; *Miller v. Finley,* 26 Id. 249; *Bradley v. Mann,* 37 Id. 1; *Aldrich v. Smith,* Id. 468; and this is true, even though their liability would be reduced by the alteration; citing *People v. Brown,* 2 Doug. 9.
2. The alteration makes a provision for an attorney's fee, and this

renders void the entire clause providing for an additional ten per cent.; citing *Bullock v. Taylor*, 39 Mich. 137; *Myer v. Hart* 40 Id. 517, 522; and therefore it is material, and, although favorable to the defendants, they are released from liability; citing *People v. Brown*, 2 Doug. 9; *Hewins v. Cargill*, 67 Me. 554; Brandt, Sur. § 338.

*John M. Brooks*, for plaintiff.

CHAMPLIN, C. J. This is an action on a bond given by Milo H. Dakin as principal, and Aaron T. Bliss and Anthony Byrne as sureties, to the plaintiff, to secure any indebtedness incurred by Dakin to the plaintiff while acting as its agent in selling sewing-machines.

In January, 1888, Mr. Van Ness, an agent of the plaintiff employed to procure dealers in the White sewing-machines, made a contract with the defendant Dakin by which Dakin was given the exclusive right to deal in White sewing-machines within certain territory. It is the custom of the plaintiff to require dealers to give a bond to secure the company on any indebtedness to it which may be incurred by such dealers. Blank forms are furnished by the company, and are filled out by Van Ness when needed. Mr. Dakin signed the bond in this case, and obtained the signatures of the defendants Bliss and Byrne as sureties, and delivered it to Mr. Van Ness, who forwarded it to the plaintiff.

The formal part of the bond, before stating the conditions, reads as follows:

"*Know All Men By These Presents*, that Milo H. Dakin, Aaron T. Bliss, and A. Byrne are hereby held and firmly bound, severally and individually, unto the White Sewing Machine Company in the sum of one thousand dollars, lawful money of the United States of America, to be paid to the White Sewing Machine Company, their representatives or assigns; for which payment (together with 10 % attorney's fees thereon in case of suit on this bond), well and truly to be made, they bind themselves, their heirs, executors, and administrators and

separate estate, jointly and - severally, firmly by these presents.

"Sealed with their seals.

"Dated the twenty-fifth day of January, one thousand eight hundred and eighty-eight."

Then follows the condition of the bond, which was to pay or cause to be paid any and every indebtedness or liability then existing, or which might thereafter in any manner exist or be incurred, on the part of Milo H. Dakin to the White Sewing Machine Company, etc. The words "attorney's fees" appear to have been interlined in the bond between the words "10 %" and the word "thereon."

The only questions presented by the record are:

1. Was the insertion of the words "attorney's fees" a material alteration, if inserted after the bond was executed?

2. If inserted by Van Ness after it was executed, and before it was forwarded by him to the plaintiff for acceptance or rejection, did it render the bond invalid in the hands of the plaintiff?

*First.* Clearly the alteration by the insertion of the words "attorney's fees" was immaterial. An alteration, to be material, must be in a material part of the instrument, and affect the rights and liabilities of the parties thereto. 1 Amer. & Eng. Cyc. Law, 505.

This instrument is not a money bond, and the action upon it is regulated by How. Stat. §§ 7737, 7738, and 7739, which provide as follows:

"SEC. 7737. When an action shall be prosecuted in any court of law upon any bond for the breach of any condition other than for the payment of money, or shall be prosecuted for any penal sum for the non-performance of any covenant or written agreement, the plaintiff, in his declaration, shall assign the specific breaches for which the action is brought.

"SEC. 7738. Upon the trial of such action, if the jury find that any assignment of such breaches is true, and

that the plaintiff should recover damages therefor, they shall assess such damages, and shall specify the amount thereof in their verdict, in addition to their finding upon any other question of fact submitted to them.

"SEC. 7739. In every such action, if the plaintiff recover, the verdict of the. jury, assessing the plaintiff's damages, shall be entered on the record, and judgment shall be rendered for the penalty of the bond, or for the penal sum forfeited, as in other actions of debt, together with the costs of suit, and with a further judgment that the plaintiff have execution to collect the amount of damages so assessed by the jury; which damages shall be so specified in such judgment."

The penalty of this bond is $1,000, no more and no less; and no recovery can exceed that amount. *Bishop v. Freeman,* 42 Mich. 533; *Odd Fellows v. Morrison,* Id. 523; *Spencer v. Perry,* 18 Id. 394. The damages, including the interest, where it is proper to allow it to be assessed under the conditions, cannot exceed the penalty; and if they equal the penalty, they can only draw interest from the date of the judgment. In this case, as in the other cases under the statute, the recovery and judgment would be for the penalty of the bond, and the further judgment that the plaintiff have execution for the damages assessed. The promise to pay ten per cent. attorney's fees is no part of the penalty of the bond, and by no possibility can it affect the judgment to be rendered upon the bond, nor the amount of damges to be assessed.

*Second.* If any alteration was made after the execution of the bond, it was done by Van Ness, and although he was the agent of the plaintiff, and received and forwarded the bond in question to the plaintiff for its approval or rejection, yet there is no testimony in this record tending to show that he was expressly or impliedly authorized to make any alteration in the bond.

The rule of law is that, when an alteration is made by a third party, it is an act of spoliation, and the altera-

tion, although material, cannot invalidate the written instrument; and when the spoliation is done by the agent of one of the parties, it will not avoid the contract if the agent had no express or implied authority to do it. 1 Amer. & Eng. Cyc. Law, 505; *Van Brunt v. Eoff*, 35 Barb. 501; *Collins v. Makepeace*, 13 Ind. 448; *Hunt v. Gray*, 35 N. J. Law, 227; *Bigelow v. Stilphen*, 35 Vt. 521; *Miller v. Reed*, 3 Grant, Cas. 51; *S. C.*, 27 Penn. St. 244; *Terry v. Hazlewood,* 1 Duv. 104. The declaration counts upon the bond as being in a penalty of $1,000, and assigns breaches of the conditions. It follows that the bond would be a valid instrument in the hands of the plaintiff for what it was before the alteration was made.

The errors assigned must be overruled, and the judgment affirmed, with costs of both courts.

The other Justices concurred.