PEOPLE'S SAVINGS BANK *v.* CAMPAU.

PENAL BOND—SUM CERTAIN—INTEREST IN EXCESS—RECOVERY AS DAMAGES FOR NONPAYMENT.

Where, in an action upon a penal bond in a sum certain, given to secure notes to that amount, defendants paid part of the notes before trial, and at the trial it appeared that the balance due, without interest, exhausted the bond, it was error to render judgment for such balance with interest as damages for nonpayment, since the penalty could not be enlarged.

Error to Wayne; Waite, J. Submitted April 6, 1900. Decided May 15, 1900.

*Assumpsit* by the People's Savings Bank against Daniel J. Campau and others upon a bond. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Modified.

*Moore & Moore*, for appellants.

*Keena & Lightner*, for appellee.

MOORE, J. The plaintiff commenced suit against defendants by summons in a plea of trespass on the case upon promises. It set up in its declaration a bond reading as follows:

"Know all men by these presents, that we, Fred T. Moran, F. F. Palms, Daniel J. Campau, George M. Vail, all of the city of Detroit, and W. L. Churchill, of Alpena, Michigan, are held and firmly bound unto the People's Savings Bank, a body corporate under the laws of the State of Michigan, in the sum of thirty thousand dollars ($30,000), lawful money of the United States, to be paid the said People's Savings Bank, its successors or assigns, for which payment well and truly to be made we bind ourselves, our and each of our heirs, executors, and administrators, firmly by these presents.

"Sealed with our seals, and dated this 29th day of November, 1895.

"*Whereas*, the Detroit Driving Club, a body corporate, duly organized and being under and by virtue of the laws of the State of Michigan, in which we are stockholders, is desirous of procuring a line of credit with the said bank in an amount not to exceed at any one time the sum of thirty thousand dollars, and for that purpose has delivered, and will from time to time make and deliver to and negotiate with said bank, its promissory notes, in such amounts, payable at such times and on such terms and conditions, as may be suitable to said bank: Now, therefore, the condition of this obligation is such that if said bank will give to said company a line of credit not to exceed the sum of thirty thousand dollars at any one time on such notes now held by said bank, or hereafter discounted, transferred, or negotiated with said bank, and that said company, the Detroit Driving Club, shall well and truly pay or cause to be paid unto the above named, the People's Savings Bank, its successors or assigns, all sums of money now or hereafter advanced upon such promissory notes made, indorsed, or negotiated with said bank by said company, then this obligation will be void and of no effect; otherwise to remain in full force and virtue. This is a continuing guaranty, to be enforced or terminated by said bank, or by any of the signers hereof by written notice to said bank."

In answer to a demand for a bill of particulars, plaintiff answered its claim was solely upon the bond. After the suit was brought, defendants paid to plaintiff $18,000, and a receipt was given them, in which it was recited the payment was made to apply upon the liability on said bond. Upon the trial one note for $15,000, dated October 21, 1897, and another for a like amount, dated November 11, 1897, were introduced in evidence. The interest on these notes to the day of judgment amounted to $2,286.50, after deducting the interest upon the payment, leaving due upon the notes $14,286.50, for which amount the circuit judge directed the jury to return a verdict in favor of plaintiff.

It is the claim of the counsel for the plaintiff:

"That at law, in an action upon a penal bond, interest may be recovered in the form of damages to an amount

exceeding the penalty of the bond; that the plaintiff in an action upon a penal bond, with the condition for the payment of money only, is entitled to recover the full amount of the penalty as a debt, and the excess of interest beyond the penalty in the shape of damages for the detention of the debt;" citing *Robbins* v. *Long*, 16 N. J. Eq. 59.

They make the further claim that it is clear from the whole instrument that the sum nominated was not intended as a penalty, but as a limit of the credit to be given the driving club, of which the obligors guarantee payment; and, on either view of the case, treating the instrument as a contract or as a bond, the judgment of the court below should be affirmed.

The defendants contend for the following propositions:

1. A judgment cannot be entered for more than the penal sum of a bond.

2. When the bondsmen have voluntarily paid the full penalty of the bond, there is no further liability.

3. When the bondsmen have made a voluntary payment on the bond, judgment cannot be rendered against them for more than the difference between the amount paid and the penal sum of the bond; and, therefore, judgment in this case should have been directed for only $12,000.

The authorities are conflicting upon these propositions. Speaking for myself, if the case were one of first impression, I should be inclined to think the weight of modern authority favored the contention of the plaintiff; but the questions were long ago decided in this State against the contention of the plaintiff. In *Fraser* v. *Little*, 13 Mich. 195, Justice CHRISTIANCY wrote a dissenting opinion, arguing in favor of the position taken in this case by the plaintiff, but his opinion did not prevail. On the contrary, in that case the court held that the views expressed by Justice CHRISTIANCY were in direct conflict with the mass of decisions, and in conflict with the principle which underlies them all, that a penalty is not to be enlarged under any circumstances, and will not be enforced beyond its letter. In *Spencer* v. *Perry*, 18 Mich. 394, the opinion

was written by Justice CHRISTIANCY, who used the following language, showing he no longer questioned *Fraser* v. *Little*:

"This was an action of debt upon a bond with a penalty of $6,000, conditioned for the payment by defendant of all the debts of the late firm of Spencer & Newcombe, and to indemnify the plaintiff, one of said firm, against such debts. The declaration was in the usual form, demanding the penalty of the bond. The plaintiff's right of action and the defendant's obligation to pay rested wholly upon the bond. After the execution of the bond, and before the bringing of the action, the defendant had paid debts of the firm to an amount exceeding the $6,000, the penalty in the bond. It is admitted that if the defendant had paid nothing upon the debts of the firm, and suit had been brought upon the bond, the amount of recovery would have been limited to the amount of the penalty. 2 Comp. Laws 1857, §§ 4509–4517. But it is insisted that a voluntary payment, without suit, of any amount of the debts mentioned in the condition, though exceeding the penalty, is no satisfaction of the bond. If this be so, it will certainly be for the interest of all obligors in such bonds to pay nothing until compelled by suit. But we see no intelligible ground for any distinction in such cases between a voluntary and a compulsory payment. If a party choose voluntarily to perform his obligation to the full extent that the law could enforce it, we are at a loss to perceive why the payment should not be recognized as equally meritorious and effectual as if made at the end of the lawsuit. See *Clark* v. *Bush*, 3 Cow. 151; *Lyon* v. *Clark*, 8 N. Y. 154, and cases there cited. The law is not so tenacious of its prerogatives as to prevent parties from performing their obligations of their own accord without the compulsion of legal process. * * * The present bond was a contract between private parties, and one chief object of putting it in the form of a bond with a penalty must, according to the general understanding in such cases, be supposed to have been to fix the limit beyond which the liability of the defendant should not extend. Another object may have been to enable the obligee to enforce it by action of debt, instead of covenant. The legal effect of the bond, as to the extent of liability, does not differ from that of a covenant, without a penalty, to pay the debts of the firm to an amount not exceeding $6,000. If the parties had in-

tended to provide for a liability to an indefinite extent, to be limited only by the amount of the debts of the firm, whatever they might be, the obvious mode of creating such a liability was by a covenant to that effect without a penalty, or by making the penalty of the bond so large as, in any event, to exceed the debts, as the parties probably supposed they had done here."

This view of the law was reaffirmed in the same case, reported in 23 Mich. 89. See, also, *Odd Fellows* v. *Morrison*, 42 Mich. 521 (4 N. W. 739).

In *White Sewing-Machine Co.* v. *Dakin*, 86 Mich. 581 (49 N. W. 583, 13 L. R. A. 313), Justice CHAMPLIN used the following language:

"The penalty of this bond is $1,000, no more and no less; and no recovery can exceed that amount. *Bishop* v. *Freeman*, 42 Mich. 533 (4 N. W. 290); *Odd Fellows* v. *Morrison*, 42 Mich. 523 (4 N. W. 739); *Spencer* v. *Perry*, 18 Mich. 394. The damages, including the interest, where it is proper to allow it to be assessed under the conditions, cannot exceed the penalty; and, if they equal the penalty, they can only draw interest from the date of the judgment."

We are not inclined to overrule what has been the settled law of the State for over 35 years. The amount of the recovery should have been limited in the court below to $12,000. The judgment is reversed, and judgment will be entered here for that amount.

The other Justices concurred.