Gorman, J.
This case is here on error to the judgment of the common pleas court, wherein the judgment was adverse to the plaintiff in error.
The case was submitted to this court upon an agreed statement of facts to take the place of a bill of exceptions.
*226 From the agreed statement of fact's, omitting the immaterial parts, it appears that the village of Wyoming, a municipal corporation in Hamilton county, duly organized under the laws of Ohio, designated the Metropolitan Bank & Trust Company of Cincinnati as its depository, and that after competitive bidding it awarded to this bank the contract to receive on deposit in its bank moneys of the village, said bank being the highest and best bidder for said deposits.
A resolution providing for deposits in this bank was duly passed by the council of the village on or about June 1, 1909. The resolution provided that the treasurer of the village was 'authorized and instructed to deposit the funds of the village in said bank in the manner provided by law and in accordance with the terms of said bid.
Pursuant to the award the bank, as required by law, executed and delivered to the village of Wyoming its bond, with the defendant company as surety thereon. Said bond was renewed on the 5th day of July, 1910, for a period of one year, upon the same terms and conditions as the original bond; and again said bond was renewed on or about the 1st day of July, 1911, for a further term of one year and to continue in force until the close of the banking hours on July 6, 1912.
After the execution of the-bond the treasurer of the village in consideration thereof deposited the village funds 'in said bank, commencing on or about July 19, 1909, and from time to time made - ' deposits; and withdrawals were made from time to time to meet the payments ordered by the village council out of the funds.
*227 The amount of this bond was $10,000; and the renewals were for the same amount in each of the - two succeeding years. On the 18th of September, after the second renewal of said bond, said bank closed its doors and went into the hands of a receiver under the direction of the state bank examiner of the state of Ohio, this being a state bank, and the payment to its depositors including the plaintiff in error was then and there suspended.
At the time of its suspension the plaintiff in error had on deposit as principal the sum of $18,879.11; and there was due on this principal by way of interest the sum of' $427.08; making, a total amount of principal and interest belonging to the plaintiff in error, in the bank, the sum of $19,306.19. The receiver of said bank from time to time paid dividends to the depositors including plaintiff in error and finally upon the winding up of the bank’s affairs there had been paid to the plaintiff in error on account of its claim, by the receiver, dividends aggregating $10,618.40, leaving unpaid on its claim a balance of $9,305.59, with interest.
After the receiver of the bank had paid all the 'dividends that could be paid out of the assets of the bank, the defendant in error, The Citizens’ Trust & Guaranty Company, paid to the village the sum of $4,756.50, claiming that this was the ■ ■entire amount which it should pay on its obligation under said bond. This money was paid by the defendant in error and received by the plaintiff in error without prejudice to the rights of plaintiff in error to assert this claim against defendant, in error for the full amount unpaid by the bank or its *228 receiver; and without prejudice to the fights of the defendant in error to resist the 'claim of the village of Wyoming.
The condition of this bond is as follows:
“The condition of the above obligation is such, that whereas, under and by virtue of a certain proposal of the said The Metropolitan Bank & Trust Company, the said bank has been designated as a depository of the money belonging to the incorporated village of Wyoming, and in. consideration thereof, the said bank 'has agreed to pay to said incorporated village of Wyoming upon such deposits the rate of interest agreed upon.
“Now, therefore, if, during the period beginning on the date of this bond, the said The Metropolitan Bank & Trust Company shall receive, safely keep and pay over all moneys which may come under its custody under and by virtue of the laws of the state of Ohio relating to such depositories, and under and by virtue of the said bank’s contract with the said incorporated village of Wyoming, and shall properly account for and pay over, as required, the interest on such deposits at the rate agreed upon, and shall faithfully perform all the duties imposed by the laws of the state of Ohio upon it as a depository of the moneys of said incorporated village of Wyoming, then this obligation shall be null and void; otherwise to remain in full force and virtue.”
There are other provisions in the bond by way of provisos, which need not be quoted, as they do not in the opinion of the court affect the question involved in this’case.
*229 The limit of the liability of the defendant in error was $10,000, and this it obligated itself to pay to the village of Wyoming provided The Metropolitan Bank & Trust Company defaulted in its payment of the village moneys. In other words, the defendant in error bound itself to the extent of $10,000 to indemnify and hold harmless the village of Wyoming from any loss which it might sustain by reason of having designated said bank as its depository. .
If the loss were less than $10,000, then the defendant in error did not obligate itself to pay more than the amount of the loss. If the loss exceeded $10,000, it was Obligated to pay only $10,000.
In the court of common pleas, upon the submission of this cause to the court without the intervention of the jury — a jury having been specially waived — a judgment was rendered ' in favor of the defendant, holding in substance that it had paid all that it was required to pay under bond, and in fact had paid in excess of the amount for which it was liable in the sum of $311.47, which sum was claimed' by defendant in the court below on its cross-petition upon which it sought to recover.
It is argued by defendant in.error that this being a statutory bond the provisions of the statutes relating to depositories must be impliedly read into the bond or contract — there being no other contract between the village and the Metropolitan Bank & Trust Company except the bond involved in this proceeding. We concur most heartily in the claim of counsel for defendant in error that the provisions of the statute relating to bonds re *230 quired to be given by the depositories are impliedly read into the contract or bond.
At "the time of the last renewal- of said bond the legislature had made some amendment to the provisions relating- to the depositories of municipal corporations, found in 102 Ohio Laws, 122, being an amendment of Section 4-295, General Code.
In substance that section provides that “council may provide by ordinance for the deposit of all public moneys coming into the hands of the treasurer, -in such bank or banks, situated within the county, as offer, at -'competitive bidding, the highest rate of interest and give a good and sufficient bond issued by a surety company authorized to do business in the state, or furnish good and sufficient surety, or secure said moneys by a deposit of bonds or other interest-bearing obligations of the United States,” etc.
A description is given in the section of the kinds ■of securities that may be given to secure the deposit of funds. And the section further provides that “there shall not be deposited in any one bank an amount in excess of the paid in capital stock and surplus of such banks, and not in any event to exceed one million dollars.”
And it further provides that “whenever any o£ the funds of any of the political subdivisions of the state shall be deposited under any of the depositary laws of -the state, the .securities herein mentioned, in addition to such other securities as are prescribed by law, may be accepted to secure such deposits.”
The section further provides, “said security to be subject to the approval of the proper municipal *231 officers, in a sum not less than ten per cent, in excess of the maximum amount at 'any time to be ¡deposited.”
'Now it is claimed by counsel for defendant in error that this language of the statute being impliedly read into the bond means that the village of Wyoming would not be permitted under the law to deposit in The Metropolitan Bank & Trust Company at any tíme more than $9,091, which would be in round numbers 90 per cent, of the face of this bond; and that if the village deposited more than 10 per cent, less than the ariiount of the bond, it, the village, did so at its own risk, or it was obliged to provide for an additional security or bond to be given.
'But this statute puts the duty upon the bank •which is designated as the. depository of the municipal corporation to give good and sufficient bond. It does not impose the duty upon the council of the municipality or upon the treasurer of the municipality to see that the bond is given. No doubt it would be the duty of the officers of the municipality to see that a 'sufficient bond was given in order to protect the village from any loss which might occur; but it does not lie in the mouth of the surety company to say that because the village 1 failed to secure additional sureties or an additional , bond, it, the surety company, is therefore not liable for more than 90 per cent, of the face of its bond. The surety contracted to be liable to the village to the extent of $10,000, and if the loss, of the village reached $10,000 it would be liable for the full amount of the bond:
*232 In the case under consideration the loss of the village was less than $10,000. It suffered no loss except that which the bank failed to pay. The fact that it had on deposit more than nineteen thousand dollars when the bank closed its doors does not establish a loss of nineteen thousand dollars. After the bank had closed its doors the village received on its claim more than ten thousand dollars, paid ■to it by the receiver of the bank, and, manifestly, to the extent that it received payment on its deposit in this bank there was no loss. Its only loss was the amount which the bank failed to pay upon •the winding up of its affairs.
We do not think it necessary that any authorities be cited in order to establish this plain proposition. The plaintiff in error (plaintiff below) was entitled to recover from the defendant in error, upon the agreed statement of ’ facts, the amount which The Metropolitan Bank & Trust Company failed to pay on account of the sum of moneys on deposit in said bank. This amount, $9,305.59 with interest, less the amount voluntarily paid by defendant in error, $4,756.50, leaves a balance of $4,642.10 with 'interest, this being the total amount claimed by plaintiff in error in the action at law.
The court of common pleas having erred in rendering judgment in favor of the defendant, in the amount rendered, when it should ‘have rendered judgment for plaintiff in the sum of $4,642.10 with interest, and there being no question of fact involved in the case, but only a question of law, we hold that the judgment of the common pleas court [should be reversed and judgment entered in this [court in favor of the plaintiff in error for the *233 amount of $4,642.10 with interest, as claimed in the petition.

Judgment accordingly.

Jones, P. J., and Hamilton, J., concur.