REICHERT *v.* PEOPLES STATE BANK FOR SAVINGS.

1. PRINCIPAL AND SURETY—DEPOSITORY BOND—PRO RATA LIABILITY PROVISION.

A valid *pro rata* provision in a public fund depository bond establishes the amount of the surety's unconditional liability on default, that is, it fixes the actual and ultimate penal sum of the bond when the liability accrues.

2. SAME—SUBROGATION—COUNTIES.

Subrogation clause of county fund depository bond which provided for payment of dividends from receiver of depository to surety before the county had been paid in full, where its deposit had exceeded amount of security therefor, impairs the statutory purpose to provide unconditional security for deposits in addition to the personal liability of the depository (1 Comp. Laws 1929, § 1193 *et seq.*).

3. Same—Pro Rata Liability Based on Relation of Total Deposit to Security.

Pro rata provision in county fund depository bond providing for fixation of surety's unconditional liability as of time of default at such proportion of the maximum penalty of the bond as it bore to the total amount on deposit to obligee's credit *held*, valid and not an impairment of the county's claim against the principal on the bond.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 22, 1935. (Docket No. 26, Calendar No. 38,536.) Decided December 10, 1935.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Peoples State Bank for Savings. On petition of Leon F. Titus, receiver, as to payment of certain dividends. The Michigan Surety Company, a Michigan corporation, and the Metropolitan Casualty Insurance Company of New York, sureties on depository bonds, filed answer thereto. From order as to disposition of dividends, Michigan Surety Company appeals. Affirmed.

*George H. Cross,* for Muskegon County.

*Stevens T. Mason,* for Metropolitan Casualty Insurance Company of New York.

*Shields, Silsbee, Ballard & Jennings,* for Michigan Surety Company.

Fead, J. When the Peoples State Bank for Savings in Muskegon closed its doors on October 2, 1931, the county of Muskegon had deposits therein of about $212,000, secured by bonds of $105,000 trusteed by the bank and depository bonds of the Metropolitan Casualty Insurance Company of New York, maximum penalty of $25,000, and Michigan

Surety Company, $20,000, an aggregate security of $150,000. The Metropolitan bond contained the provision:

"If at the time of default under this bond the amount on deposit with the principal to the credit of the obligee shall exceed the amount of this bond, and the obligee shall not hold additional security equal to the amount of such excess deposit, the surety shall be liable hereunder for only such proportion of the penalty of this bond as the penalty of this bond shall bear to the total amount on deposit to the credit of the obligee."

The county brought suit against both sureties.

Judgment for $20,000 against the Michigan Surety Company was affirmed by this court, *County of Muskegon* v. *Michigan Surety Co.,* 264 Mich. 65, and paid. The Metropolitan Company claimed that, under the above clause, its liability was for only $3,025; the county claimed the clause was void and the surety's liability was $25,000; compromise was made at $12,500, judgment entered and paid. The Michigan Surety Company had no notice or knowledge of the settlement.

By sale of the pledged securities, payment of the above judgments, and dividends from the receiver of the bank, the county has received about $180,000, leaving an unpaid balance of its deposit of about $32,000. Another dividend of $21,000 is available and, because the interested parties are in dispute as to its disbursement, the receiver has filed petition for instruction as to payment of present and future dividends.

It is the claim of the Michigan Surety Company that the clause in the Metropolitan bond was void, the Metropolitan was liable for the full penal sum of $25,000, the settlement between the county and

the Metropolitan was in contravention of the rights of the Michigan Surety Company and, upon proper adjustment, the county should be charged with having received $25,000 from the Metropolitan. Upon such computation the present dividend would repay the county in full and leave a balance of $1,762.81, to be divided between the sureties by virtue of their rights of subrogation.

Counsel for Michigan Surety Company contend that the provision in the Metropolitan bond is not such a *pro rata* liability clause as was held valid in *Lawrence* v. *American Surety Co. of New York,* 263 Mich. 586 (88 A. L. R. 535). There the clause restricted liability to the proportion of the loss which the penal sum bore to the total penalties of all bonds insuring the deposit. They say the clause at bar is within the principle of *County of Oakland* v. *Central West Casualty Co.,* 266 Mich. 438 (which involved a subrogation clause), because it amounts to "a refunding or canceling of a portion of the initial liability as a condition for the payment of the remainder."

There is an essential difference between a *pro rata* and subrogation clause. A valid *pro rata* provision establishes the amount of the surety's liability on default, *i. e.,* it fixes the actual and ultimate penal sum of the bond when the liability accrues. But the liability of the surety for such amount remains unconditional.

A subrogation clause, which provides payment of dividends from the receiver to the surety before the county has been paid in full, impairs the statutory purpose to provide unconditional security for deposits in addition to the personal liability of the depository; * and, in effect, makes liability of the

---

* See 1 Comp. Laws 1929, § 1193 *et seq.*—REPORTER.

surety on default of the principal dependent upon assignment, legal or equitable, to the surety of part of the county's claim against the depository.

The clause in the Metropolitan bond employs a different method of computation than appeared in the bonds in the *Lawrence Case,* but the result is the same in principle. When the computation is completed, the answer is a definite amount of unconditional liability fixed at the moment of default and without impairment of the county's claim against the principal.

The court ordered all dividends from the receiver to be paid to the county until its claim is paid in full, and thereafter division of them between the sureties in the ratio of their payments to the county.

Affirmed, with costs.

Potter, C. J., and North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.