## WILLIAM H. BISHOP v. AMOS FREEMAN.

*Justices' jurisdiction in actions on bond.*

An action of covenant does not lie in Michigan upon a bond that does not contain covenants, when it is given to secure anything but the 'payment of money, or when the amount secured exceeds $150.

The statutes of Michigan, like the common law, treat the penalty of a bond given to secure any sum exceeding $150 as the debt to be sued for in an action of debt on the bond. They require the plaintiff to assign breaches, and allow a recovery of the debt, but permit execution for only the damages and costs, the judgment standing as security for the satisfaction of farther breaches, for which damages are recoverable on *scire facias*, the breaches being alleged according to the facts. Comp. L., §§ 6155-61.

No covenants that do not appear on the face of the bond can be implied as against the surety.

Suit was brought in justice's court against the surety on a bond drawn in the sum of $2000. The plaintiff declared on the com-

| 42 | 533 |
|---|---|
| 86 | 584 |
| 42 | 533 |
| 104 | 393 |
| 42 | 533 |
| 115 | 45 |
| 42 | 533 |
| 117 | 635 |
| 42 | 533 |
| 124 | 110 |
| 42 | 533 |
| s4NW | 290 |
| f131 | 4629 |

mon counts in an action of debt on the bond, assigned breaches and claimed $300 damages. The bond contained no covenants. *Held* that the action was neither assumpsit nor covenant, but debt on the bond, in which, under the Justices' Act of Michigan, a justice has no jurisdiction if the sum sued for exceeds $150; that the proceedings were therefore void, and an execution title based on the judgment was illegal and would not justify an entry on the land.

Error to Jackson.   Submitted Jan. 8.   Decided Jan. 23.

TRESPASS.   Defendant brings error.

*John D. Conely* for plaintiff in error.   The form of an action is not determined by the name given to it in the declaration, but from the nature of the declaration, *Seneca Road Co. v. A. & R. R. R.*, 5 Hill, 177; *Burdick v. Worrall*, 4 Barb., 596; *Cornes v. Harris*, 1 Comst., 223; *Lord v. Houstoun*, 11 East, 62; *Sheppard v. Furniss*, 19 Ala., 760; *Coggswell v. Baldwin*, 15 Vt., 404; the test of a justice's jurisdiction is the amount claimed in the *ad damnum* clause, *Strong v. Daniels*, 3 Mich., 466; *Inkster v. Carver*, 16 Mich., 484; *Merrill v. Butler*, 18 Mich., 294.

*Austin Blair* for defendant in error.

CAMPBELL, J.   This was an action of trespass in which defendant justified under an execution title, obtained on sale upon a transcript of a justice's judgment.  Recovery was had below, and error is brought on several grounds. The principal question relates to the validity of the justice's judgment.

The suit before the justice was on a bond in the penal sum of $2000 to secure such indebtedness or liability in any form as might be incurred by one L. N. Melosh to the Domestic Sewing Machine Company.   The bond was joint and several.  Freeman was sued severally, and the transcript contains the following recital of the proceedings.   The summons in favor of the Domestic Sewing Machine Company, as set forth *verbatim*, was "in a plea of debt to his damage, three hundred dollars or

under." The declaration is thus described: "Plaintiff declared on the common counts in an action of debt on bond, filed copy of bond with court, and assigns as breaches the non-payment of two judgments against the principal in said bond [describing them]. Plaintiff claims $300 damages."

Inasmuch as a justice can under our statutes have no civil jurisdiction beyond three hundred dollars in actions on contract, the only question of any consequence is whether this was an action for a less sum. Plaintiff in error insists it was an action of assumpsit to recover the amount of the two judgments, and not an action of debt* on bond.

Under the Justices' Act, where a bond is for a penalty beyond $150, but is given to secure money in one sum or by instalments not exceeding $150 in the aggregate, an action of covenant may be brought for any instalment, and does not bar further actions for other instalments. Compiled Laws, § 5255. This section is confined to money bonds, and to amounts less than $150. Beyond that sum, even in money bonds, no provision is made taking cases out of the general rules governing actions.

Where a bond is given to secure anything but the payment of money, no provision has been made under our laws for bringing successive actions upon it. The statutes, like the common law, treat the penalty as the debt to be sued for; and they require the plaintiff when bringing actions, to assign breaches, and allow a recovery of the debt, but permit execution only for the damages and costs. But this judgment stands as security for the satisfaction of any further breaches, not to be sued for in separate actions, but to be recovered on *scire facias*, alleging such breaches according to the facts. The whole ground is covered by statute, in accordance with the modified common-law practice which has long prevailed in this State. Comp. Laws, §§ 6155 to 6161. This does

not bar actions of covenant, in lieu of actions for the penalty, where covenants exist. § 6162.

The action in the case before us was evidently an action of debt on the bond, and neither covenant nor assumpsit. The plaintiff assigned breaches and recovered under them. The statute allowing actions of covenant in justices' courts on money bonds has no application, and Freeman made no covenant whatever. The conditions of the bond were all to be performed by Melosh, and even if covenants could be implied against the latter, upon which we need not now make any suggestions, there can be no such implication against Freeman.

The action was therefore for a debt largely in excess of any claim which could be sued before a justice, and the proceedings were void for want of jurisdiction. The judgment being void, and not voidable, could not give validity to the execution title, which was properly held by the court below to be illegal, and no justification for the trespass.

There is no error in the record, and the judgment of the circuit court for the county of Jackson must be affirmed with costs.

The other Justices concurred.