GARRETT B. GRAY v. IRWIN STAFFORD.

*Suit on attachment bond in justice's court.*

An action of covenant lies in justice's court on a money bond given to secure the payment of $150 or less (How. St. § 6820); and on other bonds if the penalty stated therein and the amount involved by breach thereof do not exceed the sum for which suit may be brought before a justice.

Error to Genesee. (Newton, J.) Jan. 18.—Jan. 29.

DEBT on bond. Plaintiff brings error. Reversed.

*Wisner & Draper* for appellant.

52 MICH.—32

| 52 | 497 |
|----|-----|
| 104 | 393 |
| 52 | 497 |
| 115 | 45 |
| 52 | 497 |
| s18NW | 235 |
| f131 | 629 |

CAMPBELL, J. This was an action brought before a justice of the peace upon a bond in the penalty of $275, conditioned for the forthcoming of certain attached property of less value. The circuit court for Genesee county ordered judgment for defendant on the ground that the action was not within a justice's jurisdiction. This decision was based on the supposed authority of *Bishop v. Freeman* 42 Mich. 533.

The effect of that decision was somewhat misapprehended by the circuit court. In that case a suit was brought before a justice on a bond in the penalty of $2000, which was given to secure the liabilities of a third person, who was agent of a sewing-machine company, to his employers. It was held that the case did not come within the jurisdiction of a justice because the penalty was beyond his jurisdiction, and the condition was not for the payment of any particular sum of money by the obligor.

The justice's statute contains a provision there referred to, which allows a suit before a justice, on a money bond, no matter how large the penalty, if given to secure specific sums of money, in one or several instalments, provided the aggregate shall not exceed $150. Comp. L. § 5255. [How. St. § 6820.] It provides in such cases for an action, not of debt but of covenant, for any separate instalment, and for several successive instalments, if necessary, as independent actions. But where the bond is not strictly a money bond, it is not taken from the rules governing in other cases, and if the penalty exceeds the jurisdiction of a justice no suit can be brought before him. This is what was decided in the case referred to.

In the present case the penalty is under $300, and the breach is for a cause of action involving a still smaller amount. It is therefore within the ordinary jurisdiction of a justice, and there are no statutory provisions to the contrary.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.