JANEWAY v. HAFT et al.

(Superior Court of Buffalo, General Term.  July 8, 1892.)

APPEAL—BOND—LIABILITY OF SURETY.

Code Civil Proc. § 3050, providing that an undertaking given to stay execution pending appeal shall be conditioned that "if the appeal is dismissed, or if judgment is rendered against the appellant, in the appellate court, and an execution issued thereupon is returned wholly or partially unsatisfied, the sureties will pay the amount of the judgment or the portion * * * unsatisfied," though a reenactment of section 356 of the old Code, differs therefrom in limiting the liability of the surety to a judgment recovered in the appellate court; and hence the surety, in an undertaking drawn in substantially the words of the statute, is not liable for the amount of a judgment recovered against his principal on a new trial in the court below ordered by the appellate court.

Action by Jacob J. Janeway against Anthony Haft and another on an undertaking to stay execution on appeal.  Demurrer to the complaint.  Sustained.

Argued before TITUS, C. J., and WHITE and HATCH, JJ.

Harry D. Williams, for plaintiff.  Edward T. Durand, for defendant.

TITUS, C. J.  It appears from the complaint that on the 26th day of February, 1891, the plaintiff recovered a judgment in the municipal court of Buffalo against the defendant for $117.47 damages and $7 costs; that the defendant took an appeal from the judgment to the general term of this court; that the court ordered a new trial before the municipal court, and stayed proceedings on the judgment and execution until the determination of that case.  The new trial in the court below resulted in a judgment in favor of the plaintiff, and against the defendant, for $140.83 damages and costs.  An execution was issued on that judgment, and returned wholly unsatisfied.  The undertaking on the original appeal was given pursuant to section 3050 of the Code of Civil Procedure for the purpose of staying execution pending the appeal.  It was conditioned that "if the appeal is dismissed, or if judgment is rendered against the appellant, in the appellate court, and an execution issued thereupon is returned wholly or partly unsatisfied, we, the said sureties, will pay the amount of the judgment, or the portion thereof remaining unsatisfied, not exceeding the sum of $250.00."  This, in substance, is the language of section 3050 of the Code; and it is now claimed by the plaintiff that the condition of the undertaking has become operative by reason of his failure to collect the judgment obtained on the trial in the court below.  Under section 356 of the old Code, the condition of the undertaking required to stay execution was "to the effect that if judgment be rendered against the appellant, and execution thereon be returned unsatisfied in whole or in part, the sureties will pay the amount unsatisfied."  It has been held under this section, where the facts were quite similar to the case before us, that the sureties were liable for the judgment obtained in the court below, whenever the condition became operative by reason of a failure to reverse the judgment.  Lowry v. Tew, 25 Hun, 257.  In Humerton v. Hay, 65 N. Y. 380, an undertaking was given, on appeal from the justice's court, for a new trial in the appellate court, and a judgment was finally rendered in the appellate court against the appellant.  It was held in an action on the undertaking given to stay the execution that this section of the Code had reference to the judgment obtained in the appellate court, and the plaintiff was allowed to recover.  In Smith v. Crouse, 24 Barb. 433, where the defendant in a justice's court judgment gave an undertaking to stay execution pursuant to section 356 of the old Code, pending an appeal to the county court, where the judgment was reversed, and on appeal to the supreme court the judgment of the county court was reversed and that of the justice affirmed, it was held that the sureties were liable on the undertaking for the whole judg-

ment, including costs, in the supreme court; the court saying that the language of the undertaking was broad enough to cover the judgment in the supreme court, not being limited in phraseology to the county court. In *Gardner* v. *Barney*, 24 How. Pr. 467, an appeal was taken to the general term from the judgment of the special term, and that court reversed the special term, and, on appeal to the court of appeals, that court reversed the general term. It was held that the sureties in an undertaking given pursuant to section 335 were liable for the costs to the court of appeals; that the affirmance spoken of in the undertaking is an affirmance of any legally constituted tribunal having cognizance of the subject of the litigation. *Robinson* v. *Plimpton*, 25 N. Y. 484, was an action on an undertaking given on appeal from the judgment of the special term under section 335 of the old Code, where the judgment of the special term was reversed, and, on appeal to the court of appeals, the judgment of the general term was reversed, and that of the special term affirmed. It was held that the sureties on the undertaking given on appeal from the special term were liable; that it was within the language of the Code and of the undertaking. These cases seem to turn upon the language of the statute and of the undertaking, and all recognize the fact that the language used does not limit the liability of the surety to the judgment of the court to which the appeal is taken. It will be observed that section 3050 does not follow the general language of section 356 of the old Code, "that if judgment is rendered against the appellant, and execution thereon returned unsatisfied," etc., but places a limitation upon the liability of the sureties,—"If the appeal is dismissed, or if judgment is rendered against the appellant, in the appellate court, and execution issued thereupon is returned" unsatisfied, etc. To charge the sureties with liability under this section, there must be a judgment rendered against the appellant in the appellate court. Can it be said a judgment was rendered against the appellant in this court on the appeal? In case of no appearance of the defendant in the municipal court, and a judgment is taken against him by default, he may apply to that court, and it has power to open the default and allow him to come in and defend; and, if a transcript has been filed, he may apply to the special term of this court, and it may open the default, and order a new trial in the municipal court upon such terms as may be just; or he may appeal under the Code, and stay judgment, and the court may, on such appeal, stay or set aside the judgment, and order a new trial in the court below, as was done in this case. Can it be said that such an order is a judgment? No execution was issued against the appellant on a judgment rendered against him in the appellate court. The judgment which the plaintiff now seeks to enforce is a judgment given on a new trial in the court below, and, by the terms of the undertaking, the sureties agreed to pay the judgment rendered in the appellate court, thus limiting their liability to the judgment rendered in this court. Since section 3050 of the Code of Civil Procedure is a re-enactment of section 356 of the old Code, the change which limits the liability of the surety to a judgment rendered in the appellate court is significant, and some evidence that the revisers intended what the language seems to indicate they did, having in view the fact that the courts had practically extended the liability of the sureties to the payment of the debt whenever it should be finally determined against the appellant in any court. In the absence of any authority enlarging the liability of the surety under this execution, so as to charge him upon the facts in this case, I think the court should follow the plain reading of the statute. If this is done, the sureties are not liable, and the demurrer should be sustained. All concur.