PEOPLE, *for use of* HOLMES, *v.* COTTERAL.

1. SALE—EVIDENCE.
    In an action upon a bond given by a contractor for the erection of a school-house to secure the payment of laborers and material men, one of the plaintiffs testified that they furnished the material "used in the high-school building" upon the order of the contractor, that the order came to them by telephone, and that the goods were delivered at the high-school building. *Held*, sufficient evidence of sale and delivery, in the absence of testimony to the contrary.

2. PUBLIC BUILDINGS— ACTION ON CONTRACTOR'S BOND — JUSTICES OF THE PEACE—JURISDICTION—STATUTES. .
    One who performs labor or furnishes material in the erection of a public building may maintain an action of *assump-*

*sit* in justice's court on the contractor's bond given pursuant to 3 How. Stat. § 8411*a*, 2 How. Stat. §§ 8411*b*, 8411*c*, where the amount claimed is within the jurisdiction of the justice, although the penalty of the bond is in excess of his jurisdiction; it being the object of the statute to protect the interests of individual laborers and material men, whose claims are frequently small in amount, by securing to each a speedy remedy upon the bond.

Error to Wayne; Donovan, J. Submitted October 14, 1897. Decided November 17, 1897. Application for rehearing denied February 16, 1898.

*Assumpsit* by the People of the State of Michigan, for the use and benefit of Frank B. Holmes and Albert R. Strachan, copartners, against Joseph W. Cotteral, Joseph W. Cotteral, Jr., Charles E. Bresler, and John E. Calnon, upon a statutory bond. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Affirmed.

The defendants Cotteral, copartners under the firm name of J. W. Cotteral & Co., entered into a contract with the board of education of the city of Detroit for the erection of a school-house. They executed a bond, with defendants Bresler and Calnon as sureties, under Act No. 94, Pub. Acts 1883, as amended by Act No. 45, Pub. Acts 1885. Plaintiffs sold material to Cotteral & Co. for, and which was used in, the construction of this building, to the amount of $242.48. Cotteral & Co. failed, and plaintiffs brought this suit in justice's court to recover this amount. Judgment was rendered in their favor upon a verdict directed by the court.

*James H. Pound* and *Peter E. Park* (*Elliott G. Stevenson*, of counsel), for appellants.

*C. E. Warner*, for appellees.

GRANT, J. (*after stating the facts*). Three objections are raised against the judgment:

1. It is urged that the execution of the bond and contract was not sufficiently proven. A sufficient reply to this is that these instruments were declared upon, and their contents substantially set forth in the declaration. No affidavit was filed denying their execution. Under Cir. Ct. Rule 8, plaintiffs were not required to prove their execution.

2. One of the plaintiffs testified that they "furnished the material, upon the order of Cotteral & Co., used in the high-school building; that the order came to us by telephone, and the goods were delivered at the high-school building." This was sufficient evidence both of sale and delivery, in the absence of any testimony to the contrary. There being no evidence to the contrary, the court correctly held that the sale and delivery were proven.

3. The main contention is that the justice of the peace had no jurisdiction to try the case, because the penalty of the bond was in excess of his jurisdiction. It is insisted that the judgment in such cases should be for the penalty of the bond, to be discharged by payment of damages sustained by the breach thereof. Defendants rely, to support this, upon *Wayne Probate Judge* v. *Dean*, 52 Mich. 387; *Bishop* v. *Freeman*, 42 Mich. 533; *Gray* v. *Stafford*, 52 Mich. 497. Plaintiffs insist that the case is ruled by *Montgomery* v. *Martin*, 104 Mich. 390. The summons was in *assumpsit*, and the declaration sets forth the contract and bond, neglect of Cotteral & Co. to pay, and claims damages to the amount of $500. The object of this statute is to protect the interests of individual laborers and material men, and to secure to each a remedy upon this bond when the contractors have neglected to pay. Section 3 (2 How. Stat. § 8411c) authorizes the prosecution of the bond "by any person, firm, or corporation to whom any money shall be due and payable on account of having performed any labor or furnished any materials in the erection, repairing, or ornamenting of such building." Section 1 (3 How. Stat. § 8411a) requires "sufficient security by bond for the payment by the contractor and

all sub-contractors for all labor performed or materials furnished," etc. While this statute does not expressly authorize an action of *assumpsit*, as did the statute involved in *Montgomery* v. *Martin*, yet we are of the opinion that its language is broad enough to authorize an action of *assumpsit*, and recovery to be had for the actual amount due to the laborers and material men. This question does not appear to have been raised in any former suits brought under this statute. In *Board of Education of Detroit* v. *Grant*, 107 Mich. 151, the common-law practice appears to have been followed in entering the judgment, which was for the penal sum of the bond, and awarding damages for the breach. In *People* v. *Powers*, 108 Mich. 339, the other practice was followed, and judgment entered as in an action of *assumpsit* for the materials furnished. The declarations were substantially the same as in the present case. The legislature could not have intended that every laborer, whose claim is usually small in amount, should be compelled to bring his suit in the circuit courts, rather than in the justices' courts, where speedy trials can be had.

Judgment affirmed.

The other Justices concurred.

### ON APPLICATION FOR REHEARING.

PER CURIAM. A rehearing is asked in this case for several reasons, but one of which we need to notice. This suit was commenced in justice's court, and technically we were in error in saying that, under Cir. Ct. Rule 8, plaintiffs were not required to prove the execution of the bond. Under the statute, it was necessary to produce and file the bond with the justice in order to avoid proof of its execution. 2 How. Stat. § 6928. If, however, it be conceded that the opinion in this regard was erroneous, still a rehearing should not be granted, because the record shows that there was sufficient proof of the execution of the bond. The other reasons stated in the motion were fully

argued and considered in the former opinion, and we decline now to review them. In this connection, we call attention to *Brown* v. *Brown*, 64 Mich. 82, which contains a clear statement of the reasons for revoking decisions upon motions for rehearing.

Rehearing denied.