# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

FEBRUARY TERM, 1901.

THE STATE OF UTAH, Respondent, v. H. P. MORREY, Appellant.

CRIMINAL LAW—VOID INFORMATION—CHAP. 56, S. L. U. 1899—QUESTION OF JURISDICTION—IN CRIMINAL CASE—WHEN MAY BE RAISED—JURISDICTION—OF TRIAL COURT—SILENCE OR FAILURE TO OBJECT—NO WAIVER.

1. CRIMINAL LAW: VOID INFORMATION: CHAP. 56, S. L. U. 1899. Chapter 56, S. L. 1899, page 77, being an attempt to amend an existing law in a manner inhibited by the Constitution, a conviction and sentence as a result of an information filed by a district attorney thereunder, were void.[1]

2. QUESTION OF JURISDICTION: IN CRIMINAL CASE: WHEN MAY BE RAISED. A question of want of jurisdiction in the trial court, in a criminal case, may be raised for the first time in the Supreme Court.

[1]State v. Beddo, 22 Utah 432; 63 Pac. 96.

State v. Morrey.

3. JURISDICTION: OF TRIAL COURT: SILENCE OR FAILURE TO OBJECT: NO WAIVER. A person charged with crime has a constitutional right to have his case tried by a court having jurisdiction, and his mere silence or failure, during the trial, to object to the jurisdiction assumed by the court, does not constitute a waiver of that right, or prevent him from raising the question at any subsequent stage of the proceedings, or after trial.

Decided February 19, 1901.

Appeal from the Seventh District Court, San Pete County.—
*Hon. Jacob Johnson,* Judge.

Defendant was prosecuted and convicted of the crime of rape and appealed to the Supreme Court, claiming that the trial court was without jurisdiction to try the cause, the information having been filed by the district attorney instead of the county attorney.

REVERSED ON AUTHORITY OF STATE v. BEDDO, 22 UTAH 432.

*W. K. Reid, Esq.,* and *Messrs. Rawlins, Thurman, Hurd, & Wedgewood* for appellants.

*Hon. M. A. Breeden,* Attorney-General, and *W. R. White, Esq.,* Assistant Attorney-General, for the State.

BARTCH, J.—The defendant was charged with and prosecuted for the crime of rape, and convicted of the crime of adultery. Upon being sentenced to confinement in the penitentiary for eighteen months, he appealed to this court. The appellant contends that the court had no jurisdiction to try the case, and that, therefore, the conviction and judgment are void. The record shows this contention to be well founded. The information, under which the prisoner was convicted, was filed

by the district attorney, under the act approved March 9, 1899, Sess. Laws 1899, c. 56, p. 77.

In State v. Beddo, 63 Pac. Rep. 96, the validity of that act was drawn in question, and upon careful consideration, we held, that in so far as it was amendatory and, *inter alia*, designed to confer power upon the several district attorneys to file informations in criminal prosecutions, the act was void, as being an attempt to amend an existing law in a manner inhibited by the Constitution; and that a conviction and sentence as a result of a prosecution, under an information so filed, were without force or effect and void.

Upon further examination herein of the same question, we see no reason, nor have we any disposition to depart from or modify the doctrine of that case, or to limit its scope and effect. Such is our conclusion, notwithstanding the statement, of counsel for the prosecution, that "many criminals of the lowest order" must be released under that decision. It would seem needless to say that if such be a fact, it can have no weight with a court in passing upon the constitutionality of a statute. Nor does such fact furnish any reason whatever for upholding an enactment made in violation of the fundamental law. Nor can the fact that the question of jurisdiction, resulting from the failure to file the information as provided by law, was made for the first time in this court, avail the State. In a case like the one at bar, the prisoner has a constitutional right to have his case tried by a court having jurisdiction. His mere silence or failure, during the trial, to object to the jurisdiction assumed by the court, did not constitute a waiver of that right, or prevent him, under such circumstances as are shown herein, from raising the question at any subsequent stage of the proceedings, or after the trial. Sec. 4787, R. S.

We re-affirm the decision in State v. Beddo, supra, and

---

under its authority this case must be reversed and remanded to the court below to be disposed of in accordance with law.

. It is so ordered.    *Baskin, J.,* and *Hart, District Judge,* concur.