THE STATE OF UTAH, Respondent, v. W. D. CAND-
LAND and WEBB GREEN, Appellants.

No. 1393.    (70 Pac. 403.)

**Criminal Law: Undertaking on Appeal: Violation of Conditions: Liability of Sureties.**

An undertaking on appeal from a conviction, conditional that defendant will surrender himself in execution of the judgment on its being affirmed or modified, or the appeal being dismissed, or the judgment being reversed and the cause remanded for new trial, is not violated by defendant's failure to appear, after judgment was reversed, on the ground that the trial court did not have jurisdiction, and the cause was remanded to be disposed of according to law.

(Decided October 25, 1902.)

Appeal from the Seventh District Court, San Pete County.—
*Hon. Jacob Johnson,* Judge.

Action by the State, to recover on an appeal bond, against
the sureties of one H. P. Morrey. From a judgment in favor
of the State, the defendants appealed.

REVERSED.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood* and
*Soren X. Christensen, Esq.,* for appellants.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R.
White,* Deputy Attorney-General, for the State.

BARTCH, J.—From the record herein it appears that
one H P. Morrey was convicted of an offense in one of the
district courts, and sentenced to imprisonment in the peni-
tentiary. He thereupon appealed to this court, and executed
and filed a statutory appeal bond, with the defendants herein
as sureties. We held the conviction and sentence to be illegal
and void on the ground that the trial court acted without
jurisdiction. After the return of the remittitur a new in-
formation was filed, and, upon the accused failing to appear
and plead thereto, his bond was declared forfeited, and there-
after this action was brought to recover the penalty of the
undertaking from the sureties. The court below held the
bondsmen liable, and this appeal is from the judgment.

The contention of the appellants, in the first instance,
is that the court had no jurisdiction to try the case (State
v. Morrey, 23 Utah 273, 64 Pac. 764) in which the bond was
given, and that all its proceedings had therein after plea were
void, and created no right and imposed no burdens or pen-
alties, and that, therefore, the State cannot recover. Morrey
was tried under an information filed by the district attorney
pursuant to the act approved March 9, 1899. Sess. Laws

1899, c. 56, p. 77. In State v. Beddo, 22 Utah 432, 63 Pac. 96, that act was.declared void in so far as it was amendatory and designed to confer, among other things, power upon the several district attorneys to file informations in criminal cases; and the doctrine of that case was reaffirmed in Morrey's appeal, and the conviction and sentence of Morrey were therein held to be void for want of jurisdiction of the court to try the cause. But whether or not the bond in question was also void, and released the sureties, is a question which we deem it unnecessary to decide from the view we have taken of this case. For the purposes of this decision we may treat the bond as valid, and then the decisive question presented is, were any of the obligations of the undertaking violated? If this must be answered in the negative—and we think it must—then the appellants are not liable, for the law is well settled that sureties will not be held liable beyond the terms of their bond or undertaking. In Lang v. Pike, 27 Ohio St. 498, it was said: "No principle is more firmly settled in this State than this; that sureties may stand on the very terms of a statutory bond or undertaking. So clearly has this doctrine been announced and acted upon, that it may be regarded as entering into the condition of such an undertaking that it will not be extended by the courts beyond the necessary import of the words used. It will not be implied that the surety has undertaken to do more or other than what is expressed in such obligation." People v. Chalmers, 60 N. Y. 154; Bishop v. Freeman, 42 Mich. 533, 4 N. W. 290. The bond, so far as material here, reads: "Now, therefore, we, W. D. Candland and Webb Green, of Mt. Pleasant, San Pete county, Utah, jointly and severally hereby undertake that the above-named defendant, H. P. Morrey, will surrender himself in execution of the judgment upon its being affirmed or modified, or upon the appeal being dismissed, or that, in case the judgment is reversed, and the cause remanded for a new trial, he will appear in the court to which said cause may be remanded, and submit himself to the orders and

State v. Candland and Green.

process thereof, or, if he fails to perform either of these conditions that he will pay to the State of Utah the sum of one thousand dollars." It will be noticed that the undertaking here is that Morrey will surrender himself in execution of the judgment upon its being affirmed, or modified, or dismissed, or upon the judgment being reversed, and the cause remanded for a new trial. These were the conditions upon which the sureties bound themselves to deliver the defendant or pay the penalty of the bond. That none of them were violated appears from the judgment of the appellate court, which reads: "This case must be reversed and remanded to the court below to be disposed of in accordance with law. It is so ordered." State v. Morrey, 23 Utah 273, 64 Pac. 764. As will be observed, the order thus made does not fall within the terms or conditions of the bond, and we are of the opinion that the trial court erred in holding the sureties liable.

This case must, therefore, be reversed, with costs, and remanded, with instructions to the court below to enter judgment in favor of the defendants. It is so ordered.

BASKIN, J., and HART, District Judge, concur.