TOWNSHIP OF RICHLAND *v.* CLIFF.

1. PLEADING—DEBT—OFFICIAL BONDS.
   A declaration on a township treasurer's bond, which complains of the defendants "in a plea that they render to the plaintiff the sum of $300, which they owe to and unlawfully detain from" him, recites the bond, assigns a breach, and concludes with an allegation of damages, is a declaration in debt.

2. SAME—JURISDICTION OF JUSTICE.
   An action of debt on a township treasurer's bond, with a penalty of more than $300, cannot be brought in justice's court.

3. JUSTICE'S JURISDICTION—REVERSAL OF JUDGMENT—NEW ACTION.
   A judgment rendered by a justice of the peace in a suit over the subject-matter of which he had no jurisdiction will be reversed without prejudice to a new action brought in the proper forum.

Error to Ogemaw; Sharpe, J. Submitted October 8, 1902. (Docket No. 12.) Decided November 18, 1902.

Debt by the township of Richland against William H. Cliff, principal, and Barney Mills and Charles H. Prescott, sureties, on a township treasurer's bond. From a judgment for plaintiff, defendants bring error. Reversed.

*F. L. Snodgrass*, for appellants.

*Ross & Harris*, for appellee.

MONTGOMERY, J. This is an action on a township treasurer's bond in the penal sum of $4,000. The suit was originally instituted in justice's court. Plaintiff recovered in both the justice's court and at the circuit. Defendants bring error. The summons does not appear in the record, but the declaration complains of the defendants "in a plea that they render to the said plaintiff the sum of three hundred dollars, which they owe to and unlawfully detain from the said plaintiff,"—the usual form of commencement of a declaration in debt. 2 Stev. Mich. Prac. p. 515. The declaration then recites the bond, assigns a breach, and concludes with an allegation of damages.

The action is clearly an action in debt. The only question presented for our consideration is whether an action of debt on a bond of this character, with a penalty of more than $300, can be brought in justice's court. This question must be answered in the negative, on the authority of *Bishop* v. *Freeman*, 42 Mich. 533 (4 N. W. 290) ; *Durfee* v. *Dean*, 52 Mich. 387 (18 N. W. 118); *Gray* v. *Stafford*, 52 Mich. 497 (18 N. W. 235). There is a statute conferring jurisdiction upon justices of the peace in actions on *money* bonds where the sum of the amount secured is $150 or less. 1 Comp. Laws, § 709. So, also, under a statute authorizing suit in *assumpsit* by a third party not the payee in a bond to recover his damages (1 Comp. Laws, § 890), we have held that a justice has jurisdiction if the amount actually involved is less than $300. *Montgomery* v. *Martin*, 104 Mich. 390 (62 N. W. 578). But neither of these statutes aids the plaintiff here.

Judgment will be reversed, and judgment entered in this court for defendants for costs of both courts, including an attorney's fee of $10 for the trial below. The judgment entry will show that the case is decided solely on the ground of want of jurisdiction, and judgment will be without prejudice to a new action in the proper forum.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.