MARY A. NOLAN, Appellant, v. WM. H. GLYNN et al., Appellees.

APPEAL AND ERROR: Supersedeas Bonds—Liability. A supersedeas bond, conditioned as provided by statute, becomes a nullity upon the final entry by the appellate court of an order of reversal and for new trial, with judgment against appellee for all the costs of appeal. So held where appellee, after reversal and on new trial, obtained a *second* judgment, and sought to hold the former supersedeas bond therefor. (Sec. 4128, Code, 1897.)

*Appeal from Madison District Court.*—LORIN N. HAYS, Judge.

MARCH 12, 1918.

ACTION against sureties on a supersedeas bond. The opinion shows the facts. A demurrer to petition was sustained, and plaintiff's petition dismissed. Plaintiff appeals. —*Affirmed.*

*Robbins & Bonn, A. W. Wilkinson,* and *A. V. Proudfoot,* for appellant.

*Berry & Watson* and *John A. Guiher,* for appellees.

GAYNOR, J.—This appeal is from the action of the court in sustaining a demurrer to a petition filed by the plaintiff, in which she alleges the following facts as a basis for recovery:

On the 20th day of November, 1911, she obtained judgment against the defendant William H. Glynn. On the 15th day of February, 1912, the said William H. Glynn, defendant, appealed to the Supreme Court from the judgment so rendered, and for the purpose of staying further pro-

ceedings on said judgment, executed a bond, the material provisions of which are as follows:

"Now if the said appellant, W. H. Glynn, shall pay to said appellee all costs and damages that shall be adjudged against said appellant on said appeal, and shall also satisfy or perform the said judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the Supreme Court may render or order to be rendered by the said district court, then this obligation to be void, otherwise to be and to remain in full force and effect."

The bond so executed was signed by the other defendants as sureties. The case so appealed was duly submitted to the Supreme Court, and, on the 25th day of September, 1913, the judgment was reversed, and the cause remanded to the district court for further proceedings. A procedendo issued, directing the district court to proceed in the manner required by law, and in harmony with the opinion. On the 30th day of March, 1914, the district court, in obedience to the order of the Supreme Court, proceeded to a retrial of said cause to a jury, and on the 3d day of April, 1914, another verdict was rendered in favor of the plaintiff and against the defendant Glynn, and judgment entered thereon. No part of the last judgment has been paid by the defendant or anyone for him, and said judgment remains wholly unsatisfied. The plaintiff claims that the failure to pay said last named judgment constitutes a breach of the conditions of the appeal bond given by the defendant to supersede the execution of the first judgment.

Plaintiff further alleges that, in order to protect her rights, as evidenced by said judgment, she has been compelled to employ counsel, and incurred expense for counsel fees in a large sum. She also alleges that the costs in neither the first nor the second trial have been paid. She further alleges that defendant Glynn, after filing the bond, disposed of all his property, leaving insufficient to pay

either of said judgments. She prays that she may have
judgment against the defendants, as sureties upon the
appeal bond, for the amount of the last named judgment,
together with the costs accruing on both trials, with ex-
penses for attorneys' fees, etc.

To this petition defendants demurred, on the ground
that the petition shows on its face that the Supreme Court
reversed the judgment entered in the lower court, and
remanded the said cause to the district court for further
proceedings, and specifically shows that no judgment was
rendered in the Supreme Court against these defendants or
either of them; nor did the said court order any judgment
entered in any other court against either of these defend-
ants, and the only judgment entered by said Supreme Court
was a judgment against the plaintiff.

This demurrer was sustained by the court, and judg-
ment was entered, dismissing plaintiff's petition. From
this, plaintiff appeals.

The only question presented here is whether the facts
stated by the plaintiff entitle her to the relief prayed for.

The action originally brought was to recover damages
for a breach of promise of marriage. This was tried to a
jury, and a judgment rendered in plaintiff's favor. Defend-
ant appealed from the judgment, claiming that the judg-
ment was not binding on him as a judgment, for the reason
that errors were committed in procuring the same, to the
prejudice of the defendant. To stay the execution of the
judgment, pending the appeal, he gave the bond in question,
with the defendants herein as sureties. This is what is de-
nominated a supersedeas bond, and is provided for in Sec-
tion 4128 of the Code of 1897, and reads as follows:

"No proceedings under a judgment  *  *  *  shall be
stayed by an appeal, unless the appellant executes a bond
with one or more sureties  *  *  *  to the effect that he
will pay to the appellee all costs and damages that shall be

adjudged against him on the appeal; and will satisfy and perform the judgment * * * appealed from in case it shall be affirmed, and any judgment * * * which the Supreme Court may render, or order to be rendered by the inferior court. * * * When thus filed and approved, the clerk shall issue a written order requiring the appellee and all others to stay all proceedings under such judgment."

The bond given was given under this statute, and the only purpose and object of the bond, and all that it accomplished, was to stay proceedings under the judgment appealed from until final disposition in the court to which the appeal was taken.

The conditions of the statute and of the bond were:

1. That the sureties on the bond will pay to the appellee all costs and damages that shall be adjudged against him on the appeal.

2. To satisfy and perform the judgment appealed from, in case the same is affirmed.

3. To pay any judgment which the Supreme Court may render.

4. To pay any judgment which the Supreme Court may order to be rendered in the court from which the appeal was taken.

1. The liability of the sureties must be found in their obligation, and cannot be extended beyond that. Their duty and their obligation are contractual ones, and must be found within the limits of the contract made. No obligation is imposed upon the sureties by the bond, except those obligations which they assumed in their contract. Had the sureties bound themselves to pay, or had the bond been conditioned for the payment of any judgment that might subsequently be rendered against the defendant, a different question would be presented. Here, the only obligation assumed by the sureties was to pay costs and damages assessed against the defendant on appeal. No costs or damages were assessed against the defendant on appeal.

2. To satisfy and perform the judgment appealed from in case it was affirmed. It was not affirmed, and this condition on which they were required to pay did not arise..

3. To satisfy any judgment which the Supreme Court may order. The only judgment ordered by the Supreme Court was a judgment against the plaintiff for the costs of the appeal.

4. To satisfy any judgment which the Supreme Court on the appeal found the plaintiff entitled to, and ordered the district court to enter. On appeal this court did not find the plaintiff entitled to anything, reversed the case, and remanded it for retrial.

The reversal constitutes a declaration that the judgment below was not rightly entered, on account of errors found in the record which vitiated the judgment. A declaration from this court that the judgment was wrongly entered against the defendant is, in effect, a declaration that the plaintiff had no judgment which she had a right to enforce against the defendant. The giving of the supersedeas bond in question, therefore, was to stay the execution of a judgment which this court found was wrongfully entered against the defendant. The staying of such a judgment worked no prejudice to the plaintiff. Having a judgment that was erroneously entered, she had a judgment which she could not rightly enforce. The reversal was a declaration to that effect. This court, in reversing the case, found that, because of errors prejudicial to the defendant, shown in the record to have been committed on the trial, the judgment was wrongfully entered against the defendant. That judgment was, therefore, set aside, and upon reversal became of no binding effect as against the defendant. Upon a retrial, under proper proceedings, we assume, another judgment was entered. These sureties were not party to this other judgment, nor did they bind themselves in any way to pay this later judgment. Their contract bound them only to such

orders and judgments as were made or rendered by the Supreme Court, to which appeal was taken. The condition of the bond was to stay the execution of what was claimed to be an erroneous judgment. The Supreme Court, by reversing the case, said it was an erroneous judgment. The condition of the bond was to perform the judgment in the event that the defendant was mistaken in saying that it was an erroneous judgment, with the added obligation to pay all costs and damages adjudged against appellant on appeal, and to pay any judgment which the Supreme Court rendered on appeal, or any judgment which the Supreme Court ordered the district court to render. There was no condition in the bond that placed upon the sureties the duty of discharging any other judgments rendered or ordered to be rendered by the Supreme Court. The judgment, the execution of which was stayed by the bond, having been reversed and held erroneous, became nonenforcible by execution or otherwise. The bond and the undertaking of the sureties therein had fulfilled their purpose, and the judgment appealed from ceased to exist as an instrument upon which liability could be predicated.

Upon the rendition of the first judgment, this situation presented itself: The defendant said to the plaintiff:

"You are not entitled to a judgment against me upon the record you have made. I desire to take this to the Supreme Court, and have that question determined. To the end that you may be protected while this matter is being determined, I will give you a bond, with sureties, conditioned that, in the event I am wrong, and you are entitled to a judgment upon the record you have made, I will pay the judgment; or if, upon the record you have made, the Supreme Court determines and adjudges costs and damages against me, I will pay those; or if, upon the record you have made, the Supreme Court renders any judgment against me, I will pay that; or if, upon the record you have made, the

Supreme Court orders the district court to enter judgment against me, I will pay that." .

There is no condition in the bond by the terms of which the sureties undertook to pay the plaintiff anything, in the event the defendant was successful in his contention that, on the record, the judgment could not stand. The only provision or condition in the bond for the payment to the plaintiff of any sum by these sureties, other than that based on a failure of the defendants to sustain their position that the judgment below was not sustained by the record, were these other conditions, that they would pay any judgment or order which the Supreme Court should render upon that record, or any judgment which the Supreme Court, upon the record made, should order the district court to enter. These are the conditions, and the only conditions, of the bond upon which these sureties assumed any liability, and none of these conditions have been broken, and, therefore, no liability attaches. The defendant succeeded in obtaining all that he sought to obtain by the appeal, so far as this record shows.

In 2 Brandt on Suretyship and Guaranty (3d Ed.), Section 530, it is said:

"The surety in an undertaking on appeal who stipulated to pay the costs awarded against the appellant and the amount of judgment, if it is affirmed, is liable only upon the affirmance of that appeal from the then existing judgment."

In passing upon a similar question to the one involved here, the Supreme Court of Wisconsin, in *Lehman v. Amsterdam Coffee Co.*, 151 Wis. 207, used this language:

"No costs or damages were awarded against them on the appeal, nor was the judgment or any part thereof affirmed. * * * No part of the original judgment was left in existence after the judgment in this court upon the former appeal. The fact that another judgment might be rendered in the future by the trial court, upon the exercise of a certain option by the plaintiff, could not, under any theory, be

construed as affirmance, even in part. The sureties are only held according to the language of their bond, and that language does not cover this case. They never agreed to pay a judgment rendered in the future in the trial court, but only the existing judgment, or some part thereof, in case of affirmance."

To the same effect see *Jackson v. Lawyers' Surety Co.*. 95 App. Div. 368; *Janeway v. Haft,* 19 N. Y. Supp. 844; *Smith v. Keyes,* 2 Aikens (Vt.) 77; *Rothgerber v. Wonderly,* 66 Ill. 390; *Chase v. Ries,* 10 Cal. 517.

Where there is a square reversal on appeal, the sureties on the bond given to stay the execution of that judgment are not liable. On appeal, the sufficiency of the record to justify the judgment is challenged. A finding by the Supreme Court that the record does not justify the judgment results in a reversal of the judgment. The judgment, as an enforcible contract, ceases to exist. Where the conditions of the bond are such that the sureties undertake to pay only in the event that the court to which the appeal is taken affirms the judgment, or does say upon the record that the plaintiff is entitled to judgment against the defendant, and so enters judgment, or orders the district court to enter judgment, there is no breach of the bond, and, therefore, no liability created on the part of the sureties.

For a discussion of the questions here under consideration, see 2 Ruling Case Law 311, Sections 267, 268, 269; 4 Corpus Juris 1276, Section 3367; and cases there cited.

After reversal, plaintiff stood in the same position with reference to her claim that she stood before the trial was had. Her claim remains, but her judgment was gone. In the second trial, she assumed the burden of showing a right to a valid judgment against the defendant, and the only judgment she has is the one secured upon this retrial, and this only against the defendant in that suit.

An examination of the authorities satisfies us that the

court was right in sustaining the demurrer, and its judgment is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and STEVENS, JJ., concur.