UNITED STATES v. MURPHY et al.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1919.)

No. 5369.

1. BAIL &⟶76—LIABILITY OF SURETIES ON SUPERSEDEAS BOND CANNOT BE EXTENDED BEYOND ITS TERMS.

The obligation of a surety on a supersedeas bond given on proceedings in error is measured by the plain terms of his contract, and cannot be extended beyond them.

2. BAIL &⟶75—SURETIES NOT LIABLE ON BOND ON APPEAL ON NONAPPEARANCE FOR RETRIAL ON REVERSAL.

A bond given on proceedings is error in a criminal case, conditioned that defendant should abide by and obey all orders made by the appellate court, and "surrender himself in execution of the judgment and sentence appealed from as said court may direct, if the judgment and sentence of said District Court against him shall be affirmed," *held* not to render his sureties liable for his failure to appear in the District Court for retrial after reversal of the judgment.

In Error to the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Action by the United States against Robert D. Murphy and another. Judgment for defendants, and the United States brings error. Affirmed.

J. O. Seth, Asst. U. S. Atty., of Santa Fé, N. M. (Charles L. Rigdon, U. S. Atty., and David J. Howell, Asst. U. S. Atty., both of Cheyenne, Wyo., on the brief), for the United States.

M. E. Wilson, of Salt Lake City, Utah (T. S. Taliaferro, of Rock Springs, Wyo., on the brief), for defendants in error.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

ELLIOTT, District Judge. Lew Moy and Sam Hee, Chinese citizens, were indicted in the district of New Mexico under section 37 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. § 10201]) for conspiracy to violate the Chinese Exclusion Act. They were tried, convicted, and sentenced to imprisonment. Both defendants sued out writs of error to the United States Circuit Court of Appeals for the Eighth Circuit; each giving a supersedeas bond in the sum of $2,000, signed by themselves, with defendants in error in this case, Murphy and Anderson, as sureties. The condition of each of these bonds is as follows:

"That if the said Lew Moy (Sam Hee) shall appear in the United States Circuit Court of Appeals for the Eighth Circuit, on the first day of the next

term thereof, to be held on the first Monday of September, 1915, from day to day thereafter during said term and from term to term and from time to time, until finally discharged therefrom, and shall abide by and obey all orders made by the said United States Circuit Court of Appeals for the Eighth Circuit in said cause, and shall surrender himself in execution of the judgment and sentence appealed from, as said court may direct, if the judgment and sentence of said District Court against him shall be affirmed by the said United States Circuit Court of Appeals for the Eighth Circuit, then the above obligation to be void, else to remain in full force, virtue and effect."

This court thereafter reversed the lower court, and its mandate provided that—

"On consideration whereof, it is now here ordered and adjudged by this court that the judgment and sentence of the said District Court, in this cause, be and the same is hereby reversed, without costs to each party in this court, as to each of the defendants below, Lew Moy and Sam Hee. It is further ordered that this cause be, and the same is hereby, remanded to the said District Court, with directions to grant a new trial as to each of the defendants, Lew Moy and Sam Hee."

It was thereby further—

"commanded that such further proceedings be had in said cause, in conformity with the opinion and judgment of this court, as according to right and justice, and the laws of the United States, ought to be had, the said writ of error notwithstanding."

The case was remanded to the District Court for said district, set down for trial, and, neither of said defendants appearing at the next regular term, both of the bonds were forfeited. Suit was then commenced against the bondsmen upon the two bonds. Defendants answered, setting up the proceedings, above briefly stated, pleading a copy of the bonds sued on and a copy of the mandate of the Court of Appeals, to which answers the government demurred.

The sole question involved here is whether the condition of the bonds quoted above called for the appearance of the defendants on retrial of the case in the District Court. A determination of this question necessarily calls for a construction of the plain terms of the condition of the bonds as above set forth. The defendants Murphy and Anderson covenanted that each of the principals, Lew Moy and Sam Hee, shall—

(1) Appear in the United States Circuit Court of Appeals for the Eighth Circuit on the first day of the next term, to be held on the first Monday of September, 1915, from day to day thereafter during said term, and from term to term and from time to time, until finally discharged therefrom;

(2) Abide by and obey all orders made by the said United States Circuit Court of Appeals for the Eighth Circuit in said cause;

(3) Surrender himself in execution of the judgment and sentence appealed from, as said court may direct, if the judgment and sentence of said District Court against him shall be affirmed by the said United States Circuit Court of Appeals for the Eighth Circuit.

[1] The liability of these defendants is measured by the precise terms of their contract. Reese v. United States, 76 U. S. (9 Wall.) 13, 19 L. Ed. 541. Not only that, but their obligations cannot be extended beyond such terms. Their duty and their obligations are con-

tractual, and must be found within the limits of the provisions of the bonds. No obligation is imposed by these bonds on the sureties therein named, except those obligations which they assumed by the plain terms of their contracts. Nolan v. Glynn, 183 Iowa, 21, 166 N. W. 717; Lang v. Pike, 27 Ohio St. 498; State v. Candland, 25 Utah, 172, 70 Pac. 403; 1 Brandt on Suretyship, § 106.

[2] Does a reasonable interpretation of any of the three covenants upon the part of the defendants, above set forth, impose a liability on the part of said defendants when Lew Moy and Sam Hee failed to appear in the trial court at the next regular term thereof for a new trial? Clearly such a liability cannot be found within the plain terms of the covenants.

By rule 45 (188 Fed. xxiv, 109 C. C. A. xxiv), adopted March 30, 1911, this court prescribed the form of supersedeas bond for use in this circuit as follows:

" * * * Now, the condition of the above obligation is such that if the said ...... shall appear either in person or by attorney in the United States Circuit Court of Appeals for the Eighth Circuit on such day or days as may be appointed for the hearing of said cause in said court and prosecute his said writ of error and shall abide by and obey all orders made by the United States Circuit Court of Appeals for the Eighth Circuit in said cause, and shall surrender himself in execution of the judgment and sentence appealed from as said court may direct, if the judgment and sentence against him shall be affirmed or *the writ of error or appeal is dismissed; and if he shall appear for trial in the . .... Court of the United States for the ...... District of ...... on such day or days as may be appointed for a retrial by said ...... court and abide by and obey all orders made by said court provided the judgment and sentence against him shall be reversed by the United States Circuit Court of Appeals for the Eighth Circuit,* then the above obligation to be void; otherwise, to remain in full force, virtue, and effect."

It is significant that this court adopted this procedure, and it is evident that the plain terms of this form of bond fix the liability upon the part of the sureties, not only that the defendant shall appear in this court and prosecute his appeal, and shall surrender himself in execution of the judgment appealed from, if it shall be affirmed, and obey the orders of this court, but it specifically provides, in addition to the form of bond in question here, if the writ of error or appeal is dismissed, that he shall appear for trial in the court below on such day or days as may be appointed by such court for retrial; that he shall abide by and obey all the orders made by the trial court, providing the judgment and sentence against him shall be reversed by this court.

The adoption of rule 45 in this circuit has done away with the necessity of taking the bond of the defendant at different stages of the proceedings, after conviction, providing for the various contingencies named in the form of bond prescribed. It is evident that the bonds in question followed a form prescribed by a rule which was superseded by the new rule of 1911. Clearly, the giving of these bonds by these defendants was not a compliance with this rule, and the fact that they were approved by the trial judge can add nothing to the liability imposed by the plain terms of the instruments. These bonds entirely ignore the provisions of the revised or amended rules of 1911.

261 F.—48

The obligation of these defendants, as measured by the plain terms of the bonds, does not extend to an undertaking on their part that Lew Moy and Sam Hee shall appear and obey the orders of the trial court and appear at the next regular term of the trial court, after the mandate of this court was sent down, for retrial therein. This is not one of the conditions set forth in the bonds in question, and there is no undertaking upon the part of these defendants that the principals shall appear at the trial court to which this case was remanded to await its action.

It is suggested that the covenant on the part of the defendants that their principals would "abide by and obey all orders made by the said Circuit Court of Appeals for the Eighth Circuit in said cause" by implication required the principals to appear for retrial in the United States District Court for the district of New Mexico at the next general term thereof, or pursuant to an order of the trial court. It is admitted that the bonds do not comply with rule 45. It is admitted that there is no covenant that the principals shall obey the orders of the trial court in the event of reversal, or that they shall appear for retrial. An interpretation of these bonds to imply such a liability on the part of these sureties would be to impose a liability upon them which cannot be found in their obligation, and their duty and obligation would thereby be extended beyond the plain terms of the instruments themselves.

"A rule never to be lost sight of in determining the liability of a surety or guarantor is that he is a favorite of the law and has a right to stand upon the strict terms of his obligation, when such terms are ascertained. This is a rule universally recognized by the courts, and is applicable to every variety of circumstances. * * * It will not be implied that the surety has undertaken to do more or other than that which is expressed in such obligation. * * * Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further." Brandt on Suretyship, § 106.

The Circuit Court of Appeals for the Eighth Circuit made no order that has not been obeyed by both Lew Moy and Sam Hee, and when this court reversed the judgment and sentence against them, and ordered a new trial, the obligation of the sureties as given by them was fully performed, and the judgment of the trial court is affirmed.