### UNITED STATES ex rel. EISLER v. DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION AT PORT OF NEW YORK.

United States District Court
S. D. New York.
Oct. 11, 1949.

John F. X. McGohey, By David McKibbin, Harold J. Raby and Daniel H. Greenberg, New York City, for the United States.

Carol King, New York City, and Blanch Freedman, New York City, attorneys for relator and bondsman.

BONDY, District Judge.

On March 5, 1948 a writ of habeas corpus was issued on the application of Gerhard Eisler challenging the validity of his detention in deportation proceedings. On March 6, 1948, after a hearing, this court discharged the writ and ordered "that pending the hearing and determination of the appeal to the Circuit Court of Appeals, Second Circuit, of this proceeding, relator may be enlarged on bail in the sum of $3500. * * *" On the back of this order, over the initials of the docket clerk, the endorsement was made "March 6, 1948 Rec'd from Clifford F. Welch $3500 in U. S. Treasury Bonds as Bail for Gerhard Eisler."

On August 3, 1948, 169 F.2d 753, the United States Court of Appeals for the Second Circuit reversed the decision of this court and remanded the case for further proceedings in accordance with its opinion that the relator be accorded a hearing to determine whether the Attorney General had abused his discretion in denying administrative bail.

November 18, 1948 the attorney for Eisler stated in a letter to the United States Attorney that she assumed on the basis of discussion previously had that Eisler would continue to remain enlarged on bail pursuant to the order of this court of March 6, 1948. The United States Attorney replied by letter on November 22, 1948 that he concurred in the views stated to the effect that the bail order of March 6, 1948 should remain in full force and effect until final decision is reached by the District Court, and that she might regard his letter as a stipulation to that effect.

On December 17, 1948 on stipulation of the attorneys for the United States and for Eisler, the proceedings in this case were ordered adjourned sine die. On or about May 6th, 1949, Eisler left the United States without permission. On June 14, 1949, Clifford Welch brought on the present motion for the return of the bonds he had deposited as bail. On cross motion of the government, the hearing in this case which had been ordered by the Court of Appeals was also set down for June 14, 1949 and the court expressly ordered that Eisler appear in court on that day and that, if he failed to appear, cause be shown why the deposit of bonds in lieu of bail should not be declared forfeited. Eisler did not appear at that hearing, nor at any time subsequent thereto.

At a hearing had after the argument of these motions, Clifford Welch testified that in March, 1948 he was executive secretary and assistant treasurer of the bail fund of the Civil Rights Congress of New York; that on March 6, 1948 there was a meeting of the trustees of the bail fund at which it was decided to put up bail for Eisler; that at the request of the trustees he withdrew the bonds from a safe deposit vault of the Civil Rights Congress and that in the presence of Eisler's attorney he deposited them with the clerk of this court

as agent for the Civil Rights Congress and immediately returned the clerk's receipts for them to the Civil Rights Congress which is presently still in possession of them. He testified, and there can not be any doubt that the bonds are the property of the Civil Rights Congress and not his.

The attorney for Eisler, who in this proceeding is acting as attorney for Clifford Welch, testified that Eisler had not paid her anything for her services and expenses but that she was compensated for them, at least in part, by the Civil Rights Congress and that she "always assumed that it was a Civil Rights Congress case." She testified further that she was attorney for the Civil Rights Congress for the purpose of keeping Eisler out on bail, that her letter of November 18, 1948 was written with a view to keeping Eisler out during such time as the case would be adjourned, that the letter was intended to say in effect "We will leave the bonds stand", that she was ordered to "keep Eisler out on bail" and authorized to write the letter.

The contention of the petitioner, that the only reason for requiring bail for Eisler was to assure his availability for deportation and that by "deporting himself" Eisler effected the purpose of the bail, and that the bonds should therefore be returned can not be sustained. The bail on which Eisler was ordered released was not bail in deportation proceedings, as authorized by 8 U.S.C.A. § 156, but bail pending a review of habeas corpus proceedings, as authorized by Rule 45 of the Revised Rules of the Supreme Court of the United States, 28 U.S.C.A. This provides that "pending review of a decision discharging a writ of habeas corpus after it has been issued, the prisoner may be * * * enlarged upon recognizance with surety * * * for his appearance to answer and abide by the judgment in the appellate proceedings".

■ Since it was the judgment in the appellate proceedings that there should be further proceedings in this court which required the presence of Eisler within the jurisdiction of this court, it follows that Eisler in fleeing the jurisdiction and in failing to appear at the hearing set down for June 14, 1949 did not abide by the judgment in the appellate proceedings. See Skolnick v. United States, 7 Cir., 4 F.2d 797; Commonwealth v. Austin, 77 Mass. 330; State v. Heed, 62 Mo. 559; Weaver v. State, 43 Tex. 386; Town of Mayesville v. McCutcheon, 1944, 205 S.C. 241, 31 S.E.2d 390. Contra: United States v. Murphy, 8 Cir., 261 F. 751. The deposit in lieu of bail must accordingly be forfeited.

■ The adjournment sine die did not discharge the bail, for it appears from the testimony given at the hearing in connection with this motion that the attorney for Eisler was also the attorney for the Civil Rights Congress which owned and deposited the bonds and for which the return is demanded and that when she stipulated for the adjournment she consented for the Civil Rights Congress that the bonds should continue to be held in lieu of bail during the entire proceedings in the District Court and that the adjournment should not terminate Eisler's release on bail.

The motion for the return of the bonds to Clifford Welch is accordingly denied and the motion of the government to forfeit the bond is granted.