PEOPLE *v.* BANKERS' SURETY CO.

PEOPLE *v.* FEDERAL UNION SURETY CO.

PEOPLE *v.* UNITED STATES FIDELITY & GUARANTY CO.

1. PRINCIPAL AND SURETY—PLEADING — INDEMNITY BONDS — PUBLIC OFFICERS.

> A declaration which alleges the execution of a bond to the State to secure deposits to be made by its treasurer in a bank, pursuant to an agreement set up in the pleading, and further states that subsequently deposits were made by the treasurer pursuant to the provisions of the agreement, that the amounts deposited had not been repaid, and that demand therefor had been made, sufficiently states a cause of action for funds deposited during the first term of the treasurer, in which the instrument was executed.

2. SAME—DEMURRER—ILLEGAL DEPOSITS OF TREASURER.

> An unlawful agreement of the State treasurer to make deposits in a bank of which he was president does not prevent a recovery for the amount of deposits secured by defendants' bonds.

Certiorari to Ingham; Wiest, J.   Submitted June 17, 1909.   (Docket Nos. 80, 81, 78.)   Decided July 15, 1909.

Assumpsit by the people of the State of Michigan against the Bankers' Surety Company, the Federal Union Surety Company, and the United States Fidelity & Guaranty Company upon certain statutory bonds.   Orders overruling separate demurrers to the declarations are reviewed by defendants on writs of certiorari.   Affirmed.

*Shaw, Warren, Cady & Oakes* (*Carson, Thompson & Dowden,* of counsel), for appellants Bankers' Surety Co. and Federal Union Surety Co.

*Moore & Moore,* for appellant United States Fidelity & Guaranty Co.

*John E. Bird,* Attorney General, and *George S. Law,* Assistant Attorney General, for the people.

BLAIR, C. J.   Proceedings by writs of certiorari to review the orders entered in the above-entitled causes, overruling the respective demurrers to plaintiff's declarations filed therein.  The demurrers in the several causes raising substantially the same questions, the records were consolidated into one.

Mr. Glazier's first term as State treasurer commenced January 1, 1905.   He was elected to a second term at the general November election in 1906.   The declaration, filed pursuant to section 10050, 3 Comp. Laws, is in assumpsit upon an express contract, and sets up the following facts:

" For that whereas, heretofore, to wit, on the 26th day of January, A. D. 1905, Frank P. Glazier, as treasurer of the State of Michigan, and the Chelsea Savings Bank, of Chelsea, Mich., a corporation organized and existing under and pursuant to the laws of the State of Michigan, entered into a certain agreement in writing and under seal, and to the court now here shown, in words and figures following:

"'This agreement, made this 26th day of January, A. D. one thousand nine hundred five, by and between Frank P. Glazier, as treasurer of the State of Michigan, party of the first part, and Chelsea Savings Bank, Chelsea, Michigan, party of the second part, witnesseth as follows:  *First*, the party of the first part agrees to make Chelsea Savings Bank, Chelsea, Mich., aforesaid, a depository of a part of the surplus funds belonging to the State of Michigan, aforesaid, as authorized by law; *second*, the said Chelsea Savings Bank agrees to receive and safely keep all such surplus funds of said State of Michigan, as may be offered or deposited by said State treasurer, and to reimburse and pay the same to said State treasurer, or his successor in office, or whoever may be lawfully entitled to receive the same, whenever called for; and to pay interest on such suplus funds so deposited with said Chelsea Savings Bank at such rate as shall from time to time be designated by the State treasurer, not to exceed three per cent. per annum; to be computed on daily balances, and paid on the twenty-fifth day of each month, or at any other time when the account may be closed; *third*, it is mutually agreed by and between the respective parties hereto that the said Chelsea Savings Bank shall at all times keep a true and just account of all moneys and funds deposited by the said Frank P. Glazier, as treasurer, as aforesaid, and render to him

monthly statements thereof; and that the said Chelsea Savings Bank shall at all times honor and pay all drafts and checks of the said Frank P. Glazier, as treasurer, as aforesaid, to the amount of the funds so deposited by him as aforesaid.'

"That on January 26, 1906, the said bank, as principal, executed and delivered to said Glazier, as treasurer, bonds executed by said defendants, respectively, as sureties, with the following conditions:

"'The condition of the above obligation is such that, whereas, the above-named bank, principal herein, has been designated by the said Frank P. Glazier, as treasurer of the State of Michigan, as one of the depositories of the surplus funds belonging to the State of Michigan; and whereas, the said Frank P. Glazier, as said treasurer, has entered into a certain contract with said bank, principal herein, with reference to the said surplus funds so to be deposited with it, a copy of which is hereto attached, and made a part hereof: Now therefore, if the above-bounden bank as principal shall, in accordance with the said contract, safely keep and reimburse and pay over upon demand, all moneys belonging to the said State of Michigan, and deposited with it by the said State treasurer in accordance with the said contract, to the said State treasurer, his successor or successors in office, or to any other person lawfully entitled to receive the same, and shall in all things perform the conditions of said contract, then this obligation to be void, otherwise to remain in full force and effect. It is mutually understood and agreed between the parties hereto that if the said surety shall so elect, its liability for future actions or omissions of said principal may be terminated by giving thirty (30) days' notice in writing to the said Frank P. Glazier, as treasurer as aforesaid, or his successor or successors in office, and a like notice to the secretary of State and auditor general of said State; and the liability of said surety for the future actions or omissions of said principal shall cease at the expiration of said thirty (30) days, the said surety remaining liable for all or any acts of commission or omission covered by this bond or said contract, up to and including the date of expiration of said thirty (30) days' notice. The said surety, shall, upon the termination of this bond, and its release from all liability hereunder, upon request, refund the premium paid, less a *pro rata* part thereof for the time this bond shall have been in force. It is mutually understood and agreed that the said surety shall be liable hereunder for only such proportion of the total loss sustained by the said Frank P. Glazier, as treasurer of the State of Michigan, or his successor or successors in office, as the penalty of this bond shall bear to the total penalties of all bonds furnished by said Chelsea Savings Bank as

principal, in favor of said State treasurer, and in no event shall the surety hereon be liable hereunder for any sum in excess of the penalty of this bond.'  *  *  *

"That after the said agreement was made and entered into as hereinbefore set forth, the said Frank P. Glazier, as treasurer of the State of Michigan, from time to time deposited with the said Chelsea Savings Bank surplus funds of the State of Michigan, and that on, to wit, the 18th day of December, A. D. 1907, and while the said agreement and the said writing obligatory hereinbefore set forth were in full force and effect, there became and was due to the State of Michigan from the said Chelsea Savings Bank the sum of six hundred eighty-five thousand five hundred and eighty-seven dollars and seventy-nine cents ($685,587.79), the same being surplus funds of the State of Michigan deposited with the said Chelsea Savings Bank by the said Frank P. Glazier, as treasurer of the State of Michigan, pursuant to the terms and conditions of said agreement. That on, to wit, the said 18th day of December, A. D. 1907, and while the said agreement and the said writing obligatory hereinbefore set forth were in full force and effect, payment of the said sum of six hundred eighty-five thousand five hundred eighty-seven dollars and seventy-nine cents ($685,587.79) so due the State of Michigan from the said Chelsea Savings Bank, as aforesaid, was demanded of and from the said Chelsea Savings Bank, by the said Frank P. Glazier, as treasurer of the State of Michigan, and payment thereof refused, and that the said Chelsea Savings Bank has not paid the said sum of six hundred eighty-five thousand five hundred eighty-seven dollars and seventy-nine cents ($685,587.79) or any part thereof, to the said Frank P. Glazier, treasurer of the State of Michigan, or to his successor in office, or to any other person lawfully entitled to receive the same, but has hitherto wholly neglected and refused and still neglects and refuses so to do."

The grounds of demurrer relied upon are: *First*, because the bond set up in the declaration, if valid, would only cover deposits made during the first term of office of Frank P. Glazier as State treasurer, and since the declaration contains no allegation that any such funds were deposited within such time, no cause of action against the

158 MICH.—3.

defendants is set up in the declaration; *second*, because the contract sued upon is an illegal contract, and cannot be made the basis of a suit.

*First.* Accepting as correct, for the purposes of these cases, defendants' construction of the State treasurer's agreement with the bank, that agreement related to, and the bond covered, only such deposits as were made by him during his first term of office, beginning January 1, 1905, and terminating December 31, 1906. Under this construction the agreement and bond are to be treated precisely the same as though Mr. Glazier had served but the one term, and another person had held the office for the term beginning January 1, 1907. The declaration sets out the agreement and bond *in extenso*. It alleges, in effect, that after the making of the agreement of January 26, 1905, the said Glazier deposited with said bank, as State treasurer, from time to time, "pursuant to the terms and conditions of said agreement," surplus funds of the State; that on the 18th day of December, 1907, the bank was indebted to the State for surplus funds so deposited pursuant to, and then covered by the agreement and bond in the amount of $685,587.79; that payment was demanded of the bank on said 18th day of December by said Glazier as State treasurer (of whose election to succeed himself this court will take judicial notice), and such demand was refused. We are of the opinion that the declaration, construing the agreement in accordance with defendants' contention, alleged, in effect, that the funds sought to be recovered were deposited from time to time during his term of office covered by the agreement. We see no good reason for reading into the declaration a claim to recover funds deposited by another treasurer succeeding Mr. Glazier. Whether under this declaration the plaintiff may recover for funds deposited during Mr. Glazier's second term is a serious question, which we do not find it necessary to determine.

*Second.* Assuming that the agreement was executed by Mr. Glazier as State treasurer, in behalf of the State and

in behalf of the bank, as president thereof, such illegality would not affect the State's cause of action. The case in this aspect falls directly within the reasoning of, and is ruled by, the case of *Buhrer* v. *Baldwin*, 137 Mich. 263 (100 N. W. 468).

The order of the circuit judge is affirmed, and the record remanded for further proceedings.

GRANT, HOOKER, McALVAY, and BROOKE, JJ., concurred.