## PEOPLE *v.* TITLE GUARANTY & SURETY CO.

PRINCIPAL AND SURETY—INDEMNITY BONDS — PUBLIC OFFICERS — PLEADINGS.

   A declaration on a bond securing moneys deposited by the State treasurer alleging that the instrument contained a provision for apportioning the liability with other bonds in relation to the total loss sustained, is sufficient on demurrer if it shows the total loss, the amount of other bonds, which, with the amount of the bond declared upon, was less than the total, and claims the entire penalty of the bond.

Certiorari to Ingham; Wiest, J. Submitted June 17, 1909. (Docket No. 79.) Decided July 15, 1909.

Assumpsit by the people of the State of Michigan against the Title Guaranty & Surety Company of Scranton, Pennsylvania, upon a statutory bond. A judgment overruling a demurrer to the declaration is reviewed by defendant on writ of certiorari. Affirmed.

*Luman W. Goodenough* (*Alexis C. Angell*, of counsel), for appellant.

*John E. Bird*, Attorney General, and *George S. Law*, Assistant Attorney General, for the people.

GRANT, J. This is a companion suit to *People* v. *Bankers' Surety Co.*, *People* v. *Federal Union Surety Co.*, and *People* v. *United States Fidelity & Guaranty Co.*, *ante*, 30 (122 N. W. 353), in which an opinion has been written by Chief Justice BLAIR and is handed down herewith. The sole ground of demurrer in this case, not disposed of in the opinion in those cases, is:

"That it appears in the bond declared upon that the liability of the defendant is limited to such proportionate share of the total loss sustained by Frank P. Glazier, as treasurer of the State of Michigan, or his successor or successors in office, as the penalty of this bond shall bear to the total penalties of all bonds furnished by the said Chelsea Savings Bank as principal in favor of the said State treasurer, and the amount of the total loss sustained by the said Frank P. Glazier, as treasurer of the State of Michigan, or his successor or successors in office, is not alleged in the declaration."

The clause of defendant's contract on which the question arises is stated in full in the declaration, and reads as follows:

"It is mutually understood and agreed that the said surety shall be liable hereunder for only such proportion of the total loss sustained by the said Frank P. Glazier, as treasurer of the State of Michigan, or his successor or successors in office, as the penalty of this bond shall bear to the total penalties of all bonds furnished by said Chelsea Savings Bank as principal, in favor of said State treasurer, and in no event shall the surety hereon be liable hereunder for any sum in excess of the penalty of this bond."

The declaration alleges the deposit of surplus funds of the State in the bank; that on December 18, 1907, there was due from the bank to the State the sum of $685,-587.79; that on that date demand of payment was made and refused; that the total penalties of all the bonds given to secure the State is $200,000. The declaration, therefore, alleges liability for the total penalty of the defendant's bond, to wit, $25,000, and claims that amount in

full. If the defendant is entitled to any deductions, or can sustain any defense to the entire or any portion of the amount claimed, these questions are open to it upon the trial, provided that the State gives evidence of the case set forth in its declaration.

The judgment is affirmed.

BLAIR, C. J., and HOOKER, MCALVAY, and BROOKE, JJ., concurred.